GAINES ET AL. V. HOT SPRING COUNTY.

STATUTE OF LIMITATIONS:  *Pleadable by a county.*

> The statute of limitations may be pleaded by a county in bar of an action against it.

APPEAL from *Hot Spring* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Hugh McCallum* and *A. Curl* for appellant :

This claim is based on *section 5286 Gantt's Digest,* and the proceedings regulated by *act of Feb. 27, 1879.*

The statute of limitations does not run in favor of or against the State, or county, which is a civil division of the State for political and judicial purposes, etc., unless expressly named. *State v. Thompson, 10 Ark., 61; Hill v. State, 23 ib., 609 ; Cole v. White Co., 32 ib., 51.*

Plaintiff's cause of action did not accrue until March 26, 1876, and the claim was not barred. *Denton v. Embury, 10 Ark., 228 ; Reporter, vol. 5, p. 497.*

SMITH J.   The appellants petitioned the County Court of Hot Spring County, at its October term, 1879, to refund to them certain taxes which, it was claimed, had been erroneously paid into the county treasury upon a tract of land for which a certificate of entry had been granted by the United States Land Office, but which was afterwards decided to be the property of the General Government.   The taxes had been paid from year to year from 1852 to 1872, the last payment being in the spring of 1873.   And it was alleged that the land, not being taxable, had been erro-

Gaines et al. v. Hot Spring County.

neously assessed, and that the county was bound to refund, under *section 5286 Gantt's Digest.*

The County Court rejected the application, and upon appeal to the Circuit Court, after a jury trial, the same result was reached.

Several questions have been discussed here. We shall notice only one. The county, among other defenses, pleaded the statute of limitations. The court was requested, but refused, to charge the jury that that statute was not involved in the issue to be tried. On the contrary, it instructed them that, if more than five years had elapsed from the date of the payments to the filing of this petition, the appellant could recover nothing.

It is argued that as the statute does not run against the State, so it can not run in its favor; and that the county is only a part of the State—one of its governmental agencies.

If we admit that counties are upon the same footing in this respect with the State, yet it is a false assumption that the State can not have the benefit of the statute. On the contrary, when there was a law authorizing suits against the State, it was provided that lapse of time and statutes of limitation should apply in like manner as in suits between individuals, and might be pleaded or relied on with like effect. *Gantt's Digest, sec. 5677.*

In *Dillon on Municipal Corporations, 3d ed., sec. 675,* it is said: "As respects property not held for public uses, or upon public trusts, and as respects contracts and rights of a private nature, there is no reason why such corporations should not fall within limitation statutes, and be affected by them. For example, in an action on contract or for tort, a municipal corporation may plead, or have pleaded against it the statute of limitations. See also *section 668.*

The claim was obviously barred.

Affirmed.