## OUACHITA COUNTY V. TUFTS.

1. STATUTE OF LIMITATIONS; *Pleaded by a County: Evidence.*
   When a County pleads the Statute of Limitations to an action against it, the plaintiff must prove both; the cause of action and the commencement of legal proceedings within the time mentioned by the statute.

APPEAL from *Ouachita* County.
Hon. B. F. ASKEW, Circuit Judge.

*Barker & Johnson* for appellant,

1. All fees allowed in criminal cases, shall, if the defendant is acquitted, be paid by the County, and if convicted, hen by the defendant, if he has property sufficient for that

purpose, if not, then they shall be paid by the County where the conviction is had. *Acts* 1874-5, *page* 169, *Sec.* 5; *Gantt's Dig., Sec.* 2015.

Nor is the County liable for costs in cases of conviction, until execution shall have been issued against the property of such convict, and returned unsatisfied for the want of property, unless the court trying the case shall certify that the costs cannot be made out of the defendant, *Ib. Sec.* 2016.

The proof, in the case does not show, that any of the defendants in the list of cases, in which appellee claims fees, were at any time acquitted; nor that any of them were convicted and did not have property to pay the costs; nor that execution ever issued against any of said defendants and returned unsatisfied for the want of property to satisfy same, nor that the court in which the cases were pending, had at anytime adjusted and certified the costs and expenses therein, down to the County Court. The appellee wholly failing to show any inability on the County to pay any of the costs claimed by him, he is not entitled to recover.

2. Our Statute of Limitations in its scope and application, is general. And Counties and municipal bodies, not possessing the attributes of sovereignity are subject to its restrictions. *Bouv. Inst. Vol.* 1, *Sec.* 859 ; *See also, Lane v. Kennedy,* 13 *Ohio St*; 42 *Callaway. v. Nolly,* 31 *Mo.,* 393.

The rights involved in this case are of a private nature in reference to which, there is no reason why a County should not fall within the limitation statutes, and be affected by them. *Dillon on municpal corporations,* 3, *Ed. Sec.* 675., *See also Sec.* 668.

The proof shows that appellee's right of action did not accrue, if at all later than the winter of 1874-5, and that the answer of the Statute of Limitations is a complete bar. *Gaines et al v. Hot Spring County,* 39 *Ark.,* 262.

*H. G. Bunn* for appellee.

The County is made by law liable for the costs of criminal prosecutions originating in her Circuit Court, of offences committed within her teritory ; *Gantt's Dig., Sec.* 2015, *and* 2016.

It matters not whether there is a conviction or acquittal ; the responsibility of the County is the same, except that in case of convictions, the County is not liable until insolvency of defendant is determined by return of execution or order of the court. There is no claim that any convictions were ever had in the cases in which appellee makes his charges.

Not only so, but the County is responsibile for the laches and negligence of the prosecution. *Gantt's Dig., Sec.* 1864-65.

A critical examination of our Criminal Statutes, leads inevitably to the conclusion that the Statutes of Limitations has no application to the claim of the appellee, since the date of the accrual of the right of action in the first instance, is dependent upon the conduct of the State, or the prosecutions. 10 *Ark.*, 223, and all subsequent decisions on the subject.

In this case the accrual of the right ot action is determined on the general principle, that one, having waited a reasonable length of time for another to act so as to protect his rights, has the right to say when the right of action accrues. In other words the State becomes a kind of trustee. 22 *Ark.*, 1.

Besides the State (the sovereign) and her paymaster (the County) are not permitted to plead the Statute of Limitation.

At the time of the presentation of his claim to the County Court for allowance, he had a right to assume that the criminal prosecution had been dismissed or abandoned.

The memorandum sworn to by him immediately after the destruction of the records of the County, Dec. 19th, 1875,

and made out a year before on his retirement from office is as full as he was permitted to make, *Gantt's Dig.*, Sec. 1799-1800, and that his testimony in confirmation of the truth of the same, is sufficient to raise the presumption of its truth. It being shown that no other proof could be had, the proof is sufficient.

SMITH, J. Tufts in 1883, presented to the Ouachita County Court his account for services rendered in certain criminal cases when he was County Clerk and Ex-Officio Clerk of the Circuit Court, some nine years before the exhibition of his claim. Upon a rejection of his demand, he appealed to the Circuit Court, where a jury being waived, the cause was tried before the Court upon an issue raised by the plea of the Statute of Limitations. And the finding and judgment were in favor of the claimant. The motion for a new trial insisted that this finding was without evidence to support it.

It was settled by this court in *Gaines v. Hot Spring County*, 39 Ark. 262, that a County could plead the statute in bar of a demand against it. And when it is pleaded, the burden is on the plaintiff to show any suspension of the statute or the existence of any facts on which he relies to create an exception from the general rule. In other words the plaintiff must show both a cause of action and the commencement of legal proceedings ·within the period mentioned in the statute. *Abbott's Trial Evidence*, 822-3 ; 2 *Gr. Ev.*, Sec. 431 ; *Taylor v. Spears*, 6 *Ark.*, 382 ; *McNeil v. Garland*, 27 *Id.*, 343.     Now the only evidence is, that the services were rendered prior to the Fall of 1874, when Tufts went out of office ; that he then made out a list of fees due him in unsettled cases ; that in the Winter of 1875 the records of the clerk's office were destroyed by fire and that this necessitated the finding of new indictments in every one of these cases then pending ; and that Tufts considered his fees

1. STATUTE OF LIMITATION: Pleaded by a county : Evidence.

to be due and payable by the County at that time. He does not know the final disposition of the cases, nor the character, nor the grade of the offences with which the parties were charged. No judgment is shown to have been rendered against the County for costs in any one of the cases.

Assuming for the purposes of this appeal that Tufts is correct in his theory that the County became liable to him when, after the fire, the old prosecutions were dropped and new ones resorted to, no excuse is shown for not sooner preferring his claim.

The judgment is reversed and a new trial ordered.