# THE COUNTY OF SAN LUIS OBISPO, Appellant, v. NATHAN KING, Respondent.

San Luis Obispo County — Recorder — Fees must be Paid into Treas-
ury. — Under the act of March 21, 1876, all fees collected by the
county recorder of San Luis Obispo County, for services rendered by him
or his deputies in their several official capacities, must be paid into the
county treasury to be applied to the payment of the current expenses of
the county.

Id. — Action to Recover Fees — Statute of Limitations — Trust — De-
mand. — The fees so collected by the county recorder, and not paid over,
are held by him in trust for the county, and the statute of limitations
does not commence to run against the right of the county to recover the
same until a demand has been made on the recorder therefor.

Appeal from a judgment of the Superior Court of San
Luis Obispo County.

The facts are stated in the opinion of the court.

*W. J. & E. Graves, D. S. Gregory, F. Adams, V. A. Gregg,*
and *J. R. Patten,* for Appellant.

*W. H. Spencer,* and *John Scott,* for Respondent.

Myrick, J.—This action was brought to recover of
defendant moneys collected and received by him as
county recorder as fees. The demurrer of defendant to
the complaint was sustained on the ground that the
complaint did not state facts sufficient to constitute a
cause of action.

The defendant, King, was county clerk; under section
4105, Political Code, he was *ex-officio* auditor and re-
corder. An act passed in 1870 had fixed the fees of the
recorder. The act of March 21, 1876 (Stats. 1875–76,
p. 608), fixed the salary of county clerk at eighteen hun-
dred dollars per annum, and directed him to appoint a
deputy county clerk to act as deputy county recorder,
whose salary was fixed at nine hundred dollars per an-
num; provision was made for the appointment of another

deputy recorder, if necessary, at the same salary. Section 4 of that act declared that no compensation should be allowed or paid any of the officers named in the act, other than the compensation and salaries prescribed therein (with certain exceptions not here involved); and that the officers entitled to charge, collect, or receive any fees or other compensation, of whatever kind or nature, allowed by law, for services rendered by them or their deputies in their several official capacities or for the performance of duties appertaining to said offices, must collect and safely keep the same, and on the first Monday in each month pay the total amount received into the county treasury, to be applied to the payment of the current expenses of the county.

We fail to see how there could be any question as to the duty of the defendant. We do not deem it necessary to occupy space in replying to the argument made on his behalf. Can it be a resonable construction of the act of March 21, 1876, that the defendant, as county recorder, was to have deputies to perform the duties of the office, such deputies to be paid by the county, and he (the principal) have the fees of the office for his own use?

As the defendant received the moneys collected by him and held the same in trust for the county, the action is not barred; no demand was made until the day before suit.

The judgment is reversed and the cause is remanded, with directions to overrule the demurrer, the defendant to have leave to answer.

Ross, J., McKinstry, J., Sharpstein, J., Morrison, C. J., and McKee, J., concurred.