[No. 8823.   In Bank. — September 28, 1886.]

## CITY AND COUNTY OF SAN FRANCISCO, APPELLANT, v. HERMAN HEYNEMANN ET AL., RESPONDENTS.

TAX COLLECTOR — CITY AND COUNTY OF SAN FRANCISCO — FAILURE TO PAY OVER MONEY COLLECTED — STATUTE OF LIMITATIONS. — The tax collector of the city and county of San Francisco is legally bound to pay over the moneys collected by him in his official capacity upon the expiration of his term of office, without any demand being made upon him for payment. If he fails so to do, the statute of limitations commences to run from that time against the right of the city and county to maintain an action on his official bond to recover for his default.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John L. Love*, for Appellant.

The liability of the sureties on the official bond of the tax collector continues so long as any money remains in his hands belonging to the city. (*United States* v. *Kirkpatrick*, 9 Wheat. 720; *United States* v. *Van Zandt*, 11 Wheat. 184; *United States* v. *Nicholl*, 12 Wheat. 505; *Ex parte Christian*, 23 Ark. 541.)

*A. Heynemann,* and *W. C. Belcher,* for Respondents.

The right of the city and county to maintain the action was barred. (2 Hittell's Dig., sec. 6297; Consolidation Act, sec. 78; *San Francisco* v. *Ford,* 52 Cal. 198; Code Civ. Proc., sec. 337; *Tynan* v. *Walker,* 35 Cal. 634.) No demand was necessary to set the statute of limitations in motion. (*State* v. *Poulterer,* 16 Cal. 515; *Middlebury* v. *Nixon,* 1 Vt. 232; *Little* v. *Richardson,* 6 Jones L. 305; *State* v. *McIntosh,* 9 Ired. 307; *Catterlin* v. *Somerville,* 22 Ind. 482; *Ferguson* v. *Dunn,* 28 Ind. 58; *Stacy* v. *Graham,* 14 N. Y. 492.)

Ross, J.—The respondent, Heynemann, became surety on the official bond of Alexander Austin as tax collector of the city and county of San Francisco for the two years commencing the first Monday of December, 1870, and ending the first Monday of December, 1872, when Austin's term of office expired. During his term, the latter as tax collector received certain moneys which he failed to pay over or to account for. Nearly five years afterwards, to wit, April 26, 1877, plaintiff demanded of Austin the money which he failed and refused to pay, and nine years from the expiration of Austin's term of office — that is to say, January 6, 1881, plaintiff commenced this action upon the official bond of the delinquent. To the action a plea of the statute of limitations was interposed, which was sustained by the court below, and must be sustained here. It is attempted to be avoided on behalf of the city and county by saying that the statute did not commence to run until the demand was made on Austin in 1877. But to so hold would be to hold that the tax collector was not bound to pay over the moneys collected by him in his official capacity until the city and county made demand upon him for them. Clearly this was not so. The money was not received by the tax collector as an ordinary deposit. He received it in his official capacity, and was legally bound to pay it

over to the proper custodian in accordance with the requirements of the law; and the contract of the sureties was, that in the event of his failure to do so, they should be held liable. Whether the law in force at the time required him to pay the moneys collected to the treasurer of the city and county the first Monday of each month, or not, there can be no doubt that he was legally bound to pay them over upon the expiration of his term of office. In such a case, no necessity for any demand existed. The party was in default by his own act, and a debtor to the city and county for the amount due. (*State* v. *Poulterer,* 16 Cal. 514.)

It results that the court below was right in holding the action barred by the statute of limitations.

The facts in the case of *San Luis Obispo* v. *King,* 69 Cal. 531, were unlike the facts here, and besides, what was there said in respect to the statute of limitations was unnecessary to the decision.

Judgment affirmed.

SHARPSTEIN, J., and McKINSTRY, J., concurred.

THORNTON, J., concurred in the judgment.

Rehearing denied.