DAVID MAY, PLAINTIFF IN ERROR, V. SCHOOL DISTRICT
No. 22, OF CASS COUNTY, NEBRASKA, DEFENDANT
IN ERROR.

1. **Limitation of Action:** SCHOOL DISTRICT. The legal maxim, "Lapse of time does not bar the right of the state," can only apply in favor of the sovereign power, and has no application to school districts or other municipal corporations deriving their power from the sovereign. The statute of limitations runs for or against school districts in the same manner as it does for or against individuals.

2. ———: ———. The case of *Brewer v. Otoe County*, 1 Neb, 373, commented upon and distinguished.

ERROR to the district court for Cass county. Tried below before POUND, J.

*E. H. Wooley,* for plaintiff in error.

*H. D. Travis,* for defendant in error.

REESE, J.

This action is founded upon a school district warrant or order, issued by the director and moderator of defendant, for $75.00, dated September 9th, 1879, payable eighteen months after date. It is conceded that the warrant became due more than five years prior to the commencement of the suit, and that if the statute of limitations applies to school district warrants, the action cannot be maintained.

Section 10 of the civil code provides that civil actions can only be commenced within five years upon a specialty or any agreement, contract, or promise in writing. It is contended upon the strength of the decision in *Brewer v. Otoe County,* 1 Neb., 273, that the statute of limitations does not apply to the indebtedness of municipal corporations.

In Woods on Limitations, section 53, it is said: "The maxim '*nullum tempus occurit regi*' (lapse of time does not bar the right of the crown) only applies in favor of the sovereign power, and has no application to municipal corporations, deriving their powers from the sovereign, although their powers, in a limited sense, are governmental. Thus the statute runs for or against towns and cities, in the same manner as it does for and against individuals."

Argument need not be prolonged upon this question; we shall be content with citing the following: *Cincinnati v. Evans*, 5 O. S., 594. *Lane v. Kennedy*, 13 Id., 42. *Cincinnati v. Church*, 8 O., 298. *School Directors v. Georges*, 50 Mo., 194. *Kennebunkport v. Smith*, 22 Me., 445. *Clements v. Anderson*, 46 Miss., 581. *Evans v. Erie Co.*, 66 Pa. St., 222. *St. Charles Co. v. Powell*, 22 Mo., 525. *Callaway Co. v. Nolley*, 31 Id., 393. *Abernathay v. Dennis*, 49 Id., 469. *Pemental v. San Francisco*, 21 Cal., 351. *Clarke v. Iowa City*, 20 Wall., 583. *De Cordova v. Galveston*, 4 Tex., 470. *Underhill v. Trustees*, 17 Cal., 172. *Baker v. Johnson Co.*, 33 Ia., 151. 2 Dillon on Mun. Corp., § 668.

The questions discussed in *Brewer v. Otoe County, supra*, by Judge Lake, in writing the opinion of the court, do not arise in this case. That decision is based almost entirely upon statutes relating to county warrants. In refering to the section of the code above mentioned, the learned judge says: "This provision applies as well to actions where counties or other municipal corporations are parties as between private persons. The law recognizes no distinction in suitors, but is the same rule unto all."

In the case at bar, the warrant or order upon which the suit is founded was never audited by the board, as such, but was signed by the officers separately. Hence no question of judicial action on the part of the board can arise.

The judgment of the district court being in favor of defendant is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.