[No. 20313. In Bank. — October 8, 1887.]

THE PEOPLE EX REL. JOHN P. DUNN, APPELLANT,
v. DRURY MELONE, RESPONDENT.

STATUTE OF LIMITATIONS — ACTION BY STATE — ACCOUNT STATED BY CON-
TROLLER. — Under section 345 of the Code of Civil Procedure, an action
brought by the people on the relation of the controller against a former
secretary of state, on an account stated by the controller under section 437
of the Political Code, for money alleged to have been received by the
defendant in his official capacity, but for which he had failed to account
or make any settlement with the controller, is affected by the statute of
limitations in the same manner as it would be were the action brought
by a private person.

ID. — ACTION AGAINST SECRETARY OF STATE — STATUTE WHEN COMMENCES
TO RUN. — The statute of limitations commences to run against such an
action upon the default of the secretary to pay over the money received
by him according to law, and not from the time of the demand made on
him by the controller under section 437 of the Political Code; and under
subdivision 1 of section 339 of the Code of Civil Procedure, the action
is barred upon the expiration of two years from the time of the default.

APPEAL from a judgment of the Superior Court of
Sacramento County.

The facts are stated in the opinion of the court.

*Attorney-General Johnson*, and *Langhorne & Miller*, for
Appellant.

*Beatty, Denson, & Oatman*, and *Hutchinson & McCut-
chen*, for Respondent.

TEMPLE, J. — Respondent was secretary of state for
the term of four years ending December, 1875. It was
his duty as such officer to collect and pay over to the
state monthly the fees received by him. On the 1st of
July, 1886, the relator, as controller, demanded of him
that he account for and pay into the state treasury the
sum of $11,109.50, alleged to have been received by him
while in office, but for which it was claimed he had
failed to account or make settlement with the controller,
as required by law. Respondent taking no notice of this

demand, the controller proceeded to state an account under the provisions of section 437 of the Political Code. The account so stated was served upon respondent, who still failed to make any response, or to pay any portion of the amount claimed from him. This suit was commenced August 14, 1886. A demurrer was interposed, on the ground that the claim was barred by the statute of limitations. The demurrer was sustained, and judgment entered against the plaintiff, who takes this appeal.

Our statute of limitations is divided into two chapters, one treating of actions for the recovery of real property; the other of actions other than for the recovery of real property. Section 345, Code of Civil Procedure, is in this last-mentioned chapter, and is as follows:—

"The limitations prescribed in this chapter apply to actions brought in the name of the state, or for the benefit of the state, in the same manner as to actions by private parties."

In the case of *Piller* v. *S. P. R. R. Co.*, 52 Cal. 42, it was held that subdivision 1, section 339, Code of Civil Procedure, is applicable to all actions at law, not specially mentioned in other portions of the statute. The effect of this must be that all actions at law other than for the recovery of real property are barred by some provision of chapter 3, Code of Civil Procedure, unless, of course, expressly excepted from its operation by that or some other statute. There can be nothing in the suggestion that the same kind of action as this is cannot be prosecuted by a private party, and therefore, under section 345, the limitation cannot apply. There is no such requirement in that section. The limitation is to apply in the same manner. Therefore, if we find that the action brought by the state is within the terms of the statute, interpreted by precisely the same rules which would be applicable if the suit were brought by a private party, the action is barred. Under this rule there can be no doubt that the statute is applicable.

It is claimed, however, that the action is founded on section 437, Political Code, and by the terms of that section that,—1. The statute of limitations does not apply; and 2. The cause of action does not accrue until the account is stated, and demand made as provided in that section.

The portions of section 437, Political Code, so far as material here, are as follows: "Whenever any person has received moneys . . . . belonging to or held in trust by the state, and fails to render an account thereof to and make settlement with the controller within the time prescribed by law, . . . . or who fails to pay into the state treasury any moneys belonging to the state, upon being required so to do by the controller within twenty days after such requisition, the controller must state an account with such person, charging twenty-five per cent damages and interest, . . . . from the time of failure; a copy of which account in any suit therein is *prima facie* evidence of the things therein stated."

In reply to this position on the part of the state, it is contended,—1. The section 437, Political Code, does not apply. It is not averred that respondent did not make monthly settlements, as the law required him to do, during his term of office. If his accounts rendered were false, his case does not fall within this statute. 2. The statute gives no right of action, but only prescribes the procedure and a rule of evidence. And 3. If no right of action accrues until an account is stated and demand made, then it had become a stale demand, and no account being stated within a reasonable time, plaintiff's right of action and right to make a demand became barred.

The claim that by the terms of section 437, Political Code, no limitation applies to the action authorized by it, is made to depend principally upon the use of the word "whenever." "Whenever any person has received moneys," etc., counsel contends means, "At whatever

time moneys have been received." A simple reference
to the language of the section will show that this is a
forced and unnatural construction. There is a general
requirement that those who receive money shall account.
The word " whenever " here simply means the same as
" if," — i. e., in those cases in which parties receiving
money do not account, etc.

The next question in logical sequence is the con-
tention of respondent that section 437, Political Code,
does not apply to this case. Here, too, it seems that a
simple reference to the language of the section is suffi-
cient to dispel all doubt. The proceeding is not author-
ized against those who render no accounts and make no
settlement, but against those who have received money
and render no accounts thereof; and also against those
who fail to pay into the treasury moneys belonging to
the state, upon being required so to do by the controller.

The complaint shows that, while secretary of state, re-
spondent received $11,107.50 as fees, which he has never
accounted for, and that he has failed to pay the same or
any portion thereof into the state treasury, although he
had been required by the state controller so to do.

The next inquiry naturally is, whether a right of ac-
tion accrued against the respondent upon demand being
made upon him under the provisions of section 437, Po-
litical Code. In addition to that section, it is provided
in section 433 of the same code that the controller may
institute suits against persons who, by any means, have
become possessed of public money, and who fail to pay
over the same, and that of such suits the courts of Sacra-
mento County shall have jurisdiction without regard to
the residence of the defendants.

It was conceded, on the oral argument for the plain-
tiff, that some sort of an action might have been brought
on behalf of the state for the alleged default, without
proceeding under section 437. This is a weighty con-
cession on the part of the state. Much the strongest

LXXIII. CAL.—37

position would have been, if on other grounds it were tenable, that the remedy provided in section 437 is exclusive. But under the circumstances, I presume the learned counsel for the people did not deem that position open to him.

It is true that when a demand is necessary in order to fix the liability and put the party in default, the cause of action does not accrue, and the statute does not commence to run until demand has been made. But can it be said that there is not a fixed liability where there is a dereliction which may amount to a criminal default, and for which, perhaps, the defendant might have been at once prosecuted and convicted?

The defendant was required as secretary of state to account and pay over monthly, during his term, all moneys which should come to his possession. Can it be possible that he has failed to do this, and had retired from office a defaulter in a large amount, and yet has incurred no liability? Of course it was competent for the state to have removed the limitation altogether, but the question is, Has it done so? There is certainly no plain provision in the statute to that end. There is nothing to indicate such an intent. It creates no right of action where one did not exist before. It has not, according to the construction given, substituted the new remedy for the old. It merely provides that in case of a defalcation an account may be stated, which shall cast the burden of proof on the officer alleged to be in default, and impose a penalty. There is nothing in the suggestion that the presumption is that the state is not barred, and therefore the statute of limitations must be construed, if possible, so as not to apply to the state.

The rule merely amounts to this: the limitation does not apply to the state unless expressly made applicable. There is very little room for the operation of such a presumption here, where our code expressly provides that the limitations shall apply to the state in the same man-

ner as to private parties.  I think the judgment should be affirmed, and it is so ordered.

PATERSON, J., SEARLS, C. J., McFARLAND, J., McKIN-STRY, J., and SHARPSTEIN, J., concurred.

THORNTON, J., dissenting.— I dissent.  The examination of the law bearing on this case, which is comprised in statutes (I refer to part 3, title 1, chapter 3, articles 5, 6, and 7, of the Political Code, relating to the secretary of state, controller, and treasurer), shows, in my judgment, that the failure by the secretary of state to render an account and make settlement, or his failure to pay into the state treasury any moneys belonging to the state, upon being required to do so by the controller, within twenty days after such requisition, so far as regards moneys which he has never inserted in any account rendered by him, is, under section 437 of the Political Code, an additional breach of his duty under the law, for which he is responsible.  On such failure by the officer within the twenty days above mentioned, it is made the duty of the controller to state an account with such officer, charging him with twenty-five per cent damages, and interest at the rate of ten per cent per annum from the time of the failure.  On this account so stated an action may be brought, and on the trial of this action a copy of the account is, by section 437, *supra*, made *prima facie* evidence of the things therein stated.

The statute of limitations did not commence to run in this case earlier than the failure of the secretary of state to account, say at the end of the period of twenty days above mentioned.  In this case the requisition of the controller was made on or about the 1st of July, 1886, and the action was commenced on the 14th of August, 1886.  The action was then commenced within thirty days after the end of the twenty days.

If it is urged that the defendant was already in default long before the demand by the controller was made, upon

which default the statute of limitations had run, the reply is, that Melone held his office under the law (section 437, Political Code) which made his failure to account or pay over a new or additional breach, for which he was responsible. That the legislature was competent to enact such a law there can be no doubt. Melone took and held office with this power in the legislature. It was competent for the legislature to impose new and additional duties.

I am of opinion that the judgment should be reversed, and the cause remanded, with directions to the court below to overrule the demurrer to the complaint.