[No. 9707.    Department Two. — May 12, 1888.]

THE PEOPLE EX REL. J. P. DUNN, STATE CONTROLLER, RESPONDENT, v. THOMAS C. VAN NESS, APPELLANT.

PUBLIC OFFICER — IMMIGRATION COMMISSIONER — LIABILITY TO STATE FOR FEES COLLECTED. — Under section 2955 of the Political Code, the commissioner of immigration is required to pay into the state treasury all the fees collected by him, less four thousand dollars a year and office expenses, which payments are to be used by the state for the maintenance of lepers' quarters when required for that purpose.

ID.—ACTION BY STATE TO RECOVER FOR FEES—STATUTE OF LIMITA-
TIONS.—A cause of action to recover for fees unlawfully retained by the
commissioner accrued in favor of the state upon the expiration of his
term of office, without any demand being made therefor, and under sec-
tion 338, subdivision 1, of the Code of Civil Procedure, became barred
by the statute of limitations after the lapse of three years.

ID.—DEMAND BY CONTROLLER FOR ACCOUNTING.—A demand made by the
controller on the commissioner, under section 437 of the Political Code,
for an accounting for the fees collected by him, does not create a new
cause of action in favor of the state.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion of the court.

*John J. Roche,* and *T. C. Van Ness, in pro. per.,* for Ap-
pellant.

*Attorney-General Johnson,* and *Langhorne & Miller,* for
Respondent.

McFARLAND, J.—The sections of the Political Code
from 2949 to 2969 provide in detail for the examina-
tion of immigrants coming to this state by sea, to dis-
cover if any of them are afflicted with the disease of
leprosy. The office of commissioner of immigration is
created. Such commissioner is authorized to examine
all vessels arriving at any port of the state, and to take
charge of all persons found to have said disease and
place them in a suitable lazaretto, or leper's quarter, to
be provided by the board of supervisors "whenever
necessary for that purpose." That part of said sections
which particularly affects the decision of the case at bar
is contained in section 2955, and is as follows: "For his
services in making such examination and inspection, the
commissioner of immigration shall demand and collect
from the master, owner, or consignee of such vessel the
sum of seventy cents in United States gold or silver
coin for each and every person so examined or inspected,

which sum, except four thousand dollars a year and expenses of office, shall, *when required for such purpose,* be paid by the commissioner into the state treasury, to be used in the maintenance, when necessary, of such lazarettos, or lepers' quarters, *as shall be constructed under this law.*"

Defendant was commissioner of immigration from March 25, 1876, to January 20, 1880. During the early part of his term he paid some fees into the state treasury; but in 1878 he notified the offices of the attorney-general, state treasurer, and state controller, that upon examination of the law he had concluded that the fees belonged to him; that those already paid into the state treasury should be refunded to him; and that he would not pay to the state any more of such fees. After that he ceased to pay any of said fees into the state treasury; and nothing more was done about the matter until more than three years after he had gone out of office, when the controller made a demand upon him for the fees, and stated an account for his alleged indebtedness therefor, under section 437 of the Political Code, and on April 10, 1883, had this present action—in form an action of debt—instituted to recover them. Defendant answered, denying the indebtedness, and pleading the statute of limitations. The court found that the excess of fees received by defendant during his said term of office, over his salary and office expenses, was $2,382.87, for which sum, together with statutory damages, judgment was entered. It was not proven or found that any lepers' quarters were ever constructed or maintained, or that any money was "required for such purpose."

Appellant contends that, upon any view of the law, the judgment should not have been for a greater amount than $371.86; but we do not consider it necessary to examine the various points made under that contention.

That part of section 2955 of the Political Code above quoted is, no doubt, somewhat cloudy. It would be an

absurdity to hold it to mean, either that the commissioner was to have as his own all fees collected before the state required them to construct and maintin lepers' quarters, or that he should retain them indefinitely until the state should so want them (which might not be for a quarter of a century after the expiration of his term of office), and that then he or his heirs should pay them all over. The only rational construction is, that the intent of the legislature was that the commissioner should pay into the state treasury all the fees collected, less four thousand dollars a year and office expenses, which should be used by the state for the maintenance of lepers' quarters when required for that purpose. And this construction we take to have been established by the case of *People* v. *Bunker,* 70 Cal. 212.

Whether or not there was any general law requiring the appellant to pay over the fees collected by him monthly or at other stated times, he could have been compelled to do so at reasonable periods during his incumbency of the office. At all events, "there can be no doubt that he was legally bound to pay them over upon the expiration of his term of office. In such a case no necessity for any demand existed. The party was in default by his own act, and a debtor" to the state for the amount due. (*San Francisco* v. *Heynemann,* 71 Cal. 153.) A cause of action, therefore, existed in favor of the people against appellant at the time of the expiration of his term of office; and this action, having been commenced more than three years thereafter, is barred under subdivision 1 of section 338 of the Code of Civil Procedure. The demand made by the controller did not create any new cause of action. (*People* v. *Melone,* 73 Cal. 574.) The statute of limitations is as applicable to actions like the one at bar brought by the state as to those brought by private persons; and public officers and their bondsmen cannot be harassed by suits brought after the statutory periods of limitation have expired.

(It may be noted that section 2969 of the Political Code, which now provides that the commissioner shall make payments of fees into the state treasury monthly, was not passed until March, 1883.)

The judgment and order denying a new trial are reversed, and the court below is directed to give judgment for defendant.

THORNTON, J., and SHARPSTEIN, J., concurred.