Filed February 4, 1893.

---

No. 16,037.

## City of Bedford v. Willard.

Statute of Limitations.—*When will Run Against City or County.*—*Property, Contracts and Rights of a Private Character.*—*Municipal Corporation.*—*Sovereign Power.*—*Will not Run Against.*—The statute of limitations does not run against the sovereign power, but as against municipal corporations, or corporations deriving their power from the sovereign, and which are, in a limited sense, governmental, as counties and cities, the statute of limitations does run, except as to property devoted to a public use, or held upon a public trust, and contracts and rights of a public character.

Same. — *County.*— *City.* — *Land Belonging to.* — *Adverse Possession.* — *When Statute of Limitation will Run.*—Where land belonging to a county is not held upon a public trust, nor devoted to a public use, and is conveyed to a city, the statute of limitations will run against the county and its

grantee, in favor of one who, with his grantors, has had uninterrupted adverse possession of said land for twenty years or more.

From the Lawrence Circuit Court.

*M. F. Dunn* and *R. N. Palmer*, for appellant.

*N. Crooke, M. Owen* and *J. H. Wallace*, for appellee.

OLDS, J.—The appellee brought this action against the appellant, in the court below, to recover possession of, and to quiet the title to, a certain piece or parcel of land in the complaint described. The complaint is in two paragraphs. One paragraph seeks to have the title quieted, and the other is for the possession of the real estate. Issue was joined by the answer of general denial. On proper request, the court made a special finding of facts, and stated its conclusions of law.

By the finding of facts, it appears, that in 1826 there was conveyed to one Robert M. Carlton, agent for Lawrence county, by one Robert Kilgore, in consideration of the relocation of the seat of justice of Lawrence county, and that a part of the town be located thereon, and for the sole use of, and benefit of, Lawrence county, a certain tract of land described in the finding, which includes the tract in controversy; that immediately after receiving said conveyance, said agent platted and recorded said real estate, with other lands, and on which was located the town, now city, of Bedford, in said Lawrence county, which, with the streets, alleys, squares, and lots, as thus platted, are now a part of said city.

It is further found, that in laying out and platting said town, all of said real estate was not platted; that giving to all streets, alleys, squares and lots their full width, there remained a strip on the south side of the plat, and off the south side of the tract so conveyed to said agent, 32 feet in width, which has been enclosed by the appellee and his grantors, and possessed by them continuously and

uninterruptedly, and used by them uninterruptedly for a period of thirty years prior to March, 1890, and prior to the commencement of this action; that in March, 1890, the mayor and common council, by a resolution, ordered that all streets and alleys in said original plat in the town be opened, and, also, the 32 feet of ground in controversy, and in pursuance of said order, by direction of the city authorities, the fences enclosing the same were taken down by the officers; that on the 8th day of March, 1890, the board of commissioners of said county conveyed said strip to the city of Bedford, the same being sold and conveyed at private sale, without notice, in consideration of one dollar.

Conclusions of law were stated in favor of the appellee.

The sole question presented and discussed by counsel for appellants is that the statute of limitations did not run against the city or county, and, hence, no title could be acquired by possession.

It is contended that the finding of facts shows that the land was conveyed to the agent of the county, for the sole use of the county, to be platted with other lands as a town to be the county seat of the county, and that the land was thereby conveyed for a public use, and the statute of limitations would not run either against the city or county. In support of this position, we are cited *Sims* v. *City of Frankfort*, 79 Ind. 446.

The case to which we are cited related to the use and occupancy of a public street, by an adjacent lot-owner encroaching upon the street with his fences and improvements, and presents an entirely different question from the one in this case. In this case the property was conveyed to the county for its own use. The only part to be devoted to public use was the portion dedicated to the purposes of streets and alleys, or possibly for public squares or parks. The portion not so dedicated to the use of the

public remained the property of the county, to be disposed of by contract and sale, the title passing to individuals.

In the quotation in the case of *Sims* v. *City of Frankfort, supra,* from Judge Dillon's work on Municipal Corporations, he expressly recognizes the doctrine that as to property not held for public use the statute of limitation runs. He says:

"As respects property not held for public use, or upon public trusts, and as respects contracts and rights of a private nature, there is no reason why such corporations should not fall within limitation statutes, and be affected by them."

It is further said:

"But such a corporation does not own and can not alien public streets or places, and no laches on its part, or on that of its officers, can defeat the right of the public thereto."

The real estate in controversy was held by the county in a private capacity, subject to be sold by it, and the title to the same passed to an individual purchaser.; and as to such property, the recognized rule is that the statute of limitation runs.

In the case of *County of St. Charles* v. *Powell,* 22 Mo. 525, S. C. 66 Am. Dec. 637, it is held that the statute of limitation runs against a county. In that case the court recognizes the doctrine that at common law the statute did not run against the government, and says that "The immunity, however it seems, was, even at common law, an attribute of sovereignty only and did not belong to the municipal corporations, or other local authorities, established to manage the affairs of the political subdivision of the State."

In the case of *City of Pella* v. *Scholte,* 24 Iowa, 283, S. C. 95 Am. Dec. 729, the same doctrine is recognized. In that case the court says:

"Of course it is well understood that statutes of limitation do not constructively apply to the State or sovereignty; but the principal has not, so far as we know, been extended to municiple or public corporations. On the contrary, it has been expressly held that these corporations are within the statute of limitations the same as natural persons." *Lessee of City of Cincinnati* v. *First Presbyterian Church,* 8 Ohio, 298.

Wood on Limitation of Actions, 93, states that the doctrine that the statute of limitations does not run against the sovereign power has no application to municipal corporations deriving their powers from the sovereign, although their powers, in a limited sense, are governmental, and that the statute runs against towns and cities, also for and against counties.

In *Sims* v. *City of Frankfort, supra,* it is said: "The fee in the street does not vest in the municipal corporation, but it does take a right to the street as the trustee of the public, of which it can not be divested except by the paramount law. The corporation can not extinguish the public use in the streets;" but, as to the real estate in controversy, the fee did vest in the county.

The conclusion we reach is that the statute of limitation did run as to this real estate, both against the county and city, and the appellee gained a title in fee by possession, and was entitled to recover. There is no error in the record.

Judgment affirmed.

Filed February 14, 1893.