[No. 19491. Department Two.—August 27, 1895.]

COUNTY OF SAN LUIS OBISPO, Respondent, v. C. A. FARNUM et al., Appellants.

Public Officers — Auditor — License Collector—Statute of Limitations.—While it is no part of the official duties of a county auditor to receive from the license tax-collector money collected by him for license taxes due the county, yet, if he does so, he is liable to the county therefor in an action for money had and received. Such liability is barred in two years, under subdivision 1 of section 339 of the Code of Civil Procedure.

Appeal from a judgment of the Superior Court of San Luis Obispo County. V. A. Gregg, Judge.

The facts are stated in the opinion of the court.

*Graves & Graves,* and *Wilcoxon & Bouldin,* for Appellants.

*F. A. Dorn,* for Respondent.

Haynes, C.—This is an action upon the bond of C. A. Farnum, as county auditor of the county of San Luis Obispo, to recover the sum of eight hundred and ninety-six dollars and ten cents, alleged to have been received by him, as auditor, from the license tax-collector of said county, the same being moneys collected for license taxes due the county from various individuals, and which Farnum had failed to pay over to the county treasurer; the other defendants and appellants, R. E. Jack and I. Goldtree, being the sureties upon said bond.

The complaint alleges that said moneys were received by Farnum at divers times, unknown to plaintiff, between January 2, 1889, and January 3, 1891, which dates cover and include the entire term for which said bond was given. This action was commenced May 29, 1893.

The defendants demurred to the complaint: 1. That the facts stated do not constitute a cause of action; and 2. That the cause of action stated is barred by the pro-

visions of section 337, and subdivision 1 of section 338, and subdivision 1 of section 339 of the Code of Civil Procedure.

The demurrer was overruled; the defendants answered, denying all the allegations of the complaint, and alleging that the cause of action is barred by the provisions of the code above mentioned.

The court found for the plaintiff, and entered judgment against all the defendants for the sum of seven hundred and thirty-nine dollars and eighty cents. This appeal is by all the defendants from said judgment upon the judgment-roll.

As to the liability of appellants Jack and Goldtree, as sureties upon the bond of Farnum, as auditor, this case cannot be distinguished from the case of *San Luis Obispo County* v. *Farnum,* No. 19488, *ante,* p. 562, this day filed, and upon the authority of that case this judgment must be reversed as to the sureties upon said bond.

In that case it was held, however, that, treating the allegations of the complaint in relation to the bond as surplusage, there was, nevertheless, a cause of action stated against Farnum; and that though he did not receive the money in his official capacity as auditor, it was money belonging to the county which he had no right to retain, and therefore affirmed the judgment as to him. In that case, however, there was no question made upon the statute of limitations, while here it is directly pleaded.

The court below could not have found the sureties liable unless he concluded that Farnum was liable upon his bond, and if so, the limitation of four years under section 337 of the Code of Civil Procedure applied. But the money having been received by Farnum without authority of law, and not officially, no liability upon his bond was created. If he were liable upon the bond, his sureties must have been liable also. But it was money belonging to the county, which he had no right to receive, but having received it he was liable personally in an action for money had and received, and that action was barred in two years under subdivision 1 of section

339 of the Code of Civil Procedure. Assuming, therefore, that the money was received on the last day of his term of office, January 3, 1891, the action was not brought within two years, and the demurrer should have been sustained upon that ground as well as upon the first.

The judgment should, therefore, be reversed as to all the defendants.

VANCLIEF, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.