(February 13, 1899.)

## FREMONT COUNTY v. BRANDON.

[56 Pac. 264.]

COUNTY COMMISSIONERS—VOID ORDER—COLLATERAL ATTACK.—An order
allowing a county officer compensation to which he is not en-
titled by law, made by a board of county commissioners, is void
for want of jurisdiction, and may be attacked collaterally.

LIMITATION AGAINST COUNTY.—Limitation does not run against a
county to recover public money wrongfully withheld by one of its
fiducial agents.

PLEADING.—It is not necessary to allege specific acts of fraud or de-
ception in the complaint in an action brought by a county to re-
cover back money allowed a county officer as compensation in viola-
tion of law.

FEES—DEED TO COUNTY.—Tax collectors are not entitled to a fee for
making a deed to the county for property sold for delinquent taxes,
and struck off to the county.

DEPUTIES OR CLERKS TO ASSESSOR.—Assessors and collectors are not
entitled to deputies or clerks at the public expense.

TAX COLLECTORS—COMMISSIONS—SCHOOL MONEY.—Tax collectors are
not entitled to commissions on school money collected under the
general county levy.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

John A. Bagley and Hawley & Puckett, for Appellant.

Can a recovery be had by a county where its regularly author-
ized officers have, through mistake of law and not through
fraud, deception or any unlawful means, settled or allowed an
account to an officer, which he was not entitled to receive?
(*Painter v. Polk Co.*, 81 Iowa, 242, 25 Am. St. Rep. 489, 47 N.
W. 65; *Badeau v. United States,* 130 U. S. 439, 9 Sup. Ct. Rep.
579; *La Salle County v. Milligan,* 143 Ill. 321, 32 N. E. 196;
*Randall v. Lyon Co.,* 20 Nev. 35, 14 Pac. 583; *Brumagim v.
Tillinghast,* 18 Cal. 269, 79 Am. Dec. 176; *Clark v. Dutcher,* 9
Cow. 674; *Mackey v. Fullerton,* 7 Colo. 556, 4 Pac. 1198.)  The
principle underlying this contention is, that a county is upon
the same footing as an individual, and it is wholly settled that
if an individual voluntarily pays a demand made unjustly upon
him, he cannot recover back his money, unless there is fraud.
(*Benson v. Monroe,* 7 Cush. 125, 54 Am. Dec. 716; *Christie v.
Sullivan,* 15 Cal. 337; *Valley Ry. Co. v. Lake Erie Iron Co.,* 46
Ohio St. 44, 18 N. E. 486; *Flower v. Lance,* 59 N. Y. 603.)  Can
any action for moneys paid by a county to its officers through
fraud, deception or other unlawful means be maintained unless
such unlawful means are set forth in the complaint?  In alleging
fraud, it is well settled, both at law and in equity, that the mere
general averment, without setting out the facts upon which the
fraud is based, is insufficient.  (*Cohn v. Goldman,* 76 N. Y. 284;
*Jasper v. Hamilton,* 3 Dana (Ky.), 280; *People v. McKenna,* 81
Cal. 158, 22 Pac. 488; *Burris v. Adams,* 96 Cal. 664, 31 Pac. 565;
*People v. Supervisors,* 27 Cal. 655; *Snow v. Halstead,* 1 Cal.
359; 9 Ency. of Pl. & Pr. 686 et seq.)  Does the statutes of
limitations apply to dealings between a county and its officers?
(*Ada County v. Ellis,* 5 Idaho, 333, 48 Pac. 1071.)  A muni-
cipal corporation has the legal right to avail itself of the de-
fense of the statute of limitations as fully as any other creditor.
It is a privilege personal to the debtor, and whenever in any
legal proceeding it is invoked by the debtor, the court is com-
pelled to recognize it as a proper defense.  (*Bates v. Gregory,*
89 Cal. 398, 26 Pac. 891; *Teass v. St. Albans,* 38 W. Va. 1, 17
S. E. 400, 19 L. R. A. 802.)

S. H. Hays, Attorney General, and F. S. Dietrich, for Respondent.

In the first place, it is to be remembered that this action is by a public corporation against a public officer, on account of matters relating to public property held in trust and of public interest. A public officer is a trustee, not by statute, but from the very nature of things. Office implies the fiduciary relation, and the first without the second is an impossible conception. Plaintiff, without attempting to allege or prove actual fraud, relied upon the doctrine of *Ada County v. Gess,* 4 Idaho, 611, 43 Pac. 71, Statute of limitations—to what extent does it apply to a county? Remembering that this is an action by a county, against its public officer, relating to public money held in trust, and of public interest we quote from *Elmore Co. v. Alturas Co. Commrs.,* 4 Idaho, 145, 37 Pac. 349: "It is a principle of the common law that the government, and, therefore, by parity of reasoning, a county, cannot be guilty of laches. . . . . Agents of the county are not acting for themselves, but for the the county, and therefore the county is not barred by their neglect." As the defendant received the moneys collected by him, and held the same in trust for the county, the action is not barred. No demand was made until the day before suit. (*San Luis Obispo Co. v. King,* 69 Cal. 531, 11 Pac. 178.) The action of the board in allowing the $500 warrant "is void, and may be attacked directly, indirectly or collaterally at any time or place." (*Dunbar v. Board,* 5 Idaho, 407, 49 Pac. 412.) How counsel can cite section 6, article 18, of the constitution to fortify their claim that such allowances are legal or justifiable we are unable to see. As we read this section, providing as it does for clerical assistance to certain officers, among whom, however, is not the assessor, it is conclusive against the legality of the allowance. (*Ada Co. v. Ryals,* 4 Idaho, 365, 39 Pac. 556.) May the assessor and collector hold out his commissions, or must he present a bill, and have the same allowed by the board? The constitution seems to contemplate that fees and commissions, when received as such from private persons, are simply held and accounted for up to the officer's maximum. (*Guheen*

*v. Curtis,* 3 Idaho, 443, 31 Pac. 805; *Moscow v. Latah Co.,* 5 Idaho, 36, 46 Pac. 874.)

QUARLES, J.—This action was commenced September 17, 1897, by the respondent, Fremont county, as plaintiff, in the district court, in said Fremont county, to recover judgment against the defendant Jesse C. Brandon, appellant here, for moneys alleged to have been received by said appellant, as assessor and collector for said county, between the fourteenth day of March, 1893, and the eleventh day of January, 1897, in the sum of $10,638.52. The defendant demurred to the complaint, and the demurrer was overruled; whereupon the defendant answered, denying specifically the allegations showing indebtedness, and pleading the statute of limitations. The cause was, on motion of defendant for a change of venue, removed to Bingham county, and there tried before the court and a jury, and a verdict rendered in favor of the plaintiff, and against the defendant, for the sum of $3,223.82, upon which verdict judgment was duly entered. This appeal is from the judgment and upon the judgment-roll. In defendant's bill of exceptions we find a stipulation as to some of the facts in controversy, but the evidence in full is not before us. The brief of appellant specifies twenty-two errors, but argues the same under five propositions, which we will now consider.

The first one is as follows: "Can a recovery be had by a county where its regularly authorized officers have, through mistake of law, and not through fraud, deception or any unlawful means, settled or allowed an account to an officer which he was not entitled to receive?" This proposition, put in the form of a question, involves an anomaly, viz., that the board of county commissioners may lawfully allow a claim which is not a lawful charge against the county. Those claims against counties which are lawful charges are specified by statute. The powers of the board of commissioners are statutory and limited. Such boards can exercise those powers only granted to them by the statute. In the case at bar the commissioners exceed their powers by allowing claims in favor of the appellant which are not county charges; for instance, the said board allowed him, and he was paid out of the county treasury, the sum of $500, quarterly sal-

ary for the first quarter of the year 1893. We are now asked to hold that the county cannot recover this money back from the appellant, upon two grounds—(1) that no appeal was taken from the order allowing said claim; (2) that the cause of action therefor is barred by limitation. As to the first ground, we are clearly of the opinion that the order allowing said claim for salary was not only unauthorized when made, but in contravention of section 8 of article 18 of the constitution, which provides that county officers "shall be paid by fees or commissions, or both, as prescribed by law." The compensation of assessors and collectors is by statute, to be paid by commissions and fees. Hence the commissioners exceeded their powers when they made said order allowing him salary for one quarter, had no jurisdiction to make it, and said order did not bind the county, it being void. No appeal from such order was necessary. It could be attacked at any time, either directly or collaterally. (*Dunbar v. Board,* 5 Idaho, 407, 49 Pac. 412.) The defendant, being a fiducial agent of the plaintiff county, received said money in trust for the plaintiff, and the statute of limitations did not run against the county. (See *Elmore Co. v. Alturas Co.,* 4 Idaho, 154, 37 Pac. 349.) The county could recover back such sum from the defendant. (*Ada Co. v. Gess,* 4 Idaho, 611, 43 Pac. 71.)

On the second point urged by the defendant, we think that the allegations of the complaint stated a cause of action. The material parts of the complaint are as follows: "That at the expiration of the said period of office, to wit, January 11, 1897, of the said Brandon, assessor and collector, as aforesaid, he, the said Brandon, as assessor, owed and was indebted to the plaintiff county—on account of moneys, taxes, revenue, penalties, charges, and commissions which under the law it was his duty, as such officer, to collect, receive, account for, pay over, and disburse, and on account of public moneys collected and received by him pursuant to law, as such assessor, and on account of fees and commissions illegally held and unlawfully charged to and received from said county, by collusion with and deception of the auditing and disbursing officers thereof, after crediting said Brandon with all fees, commissions, and compensation which

the said Brandon had the legal right to receive, retain, or charge against the plaintiff, and after crediting to him all moneys accounted for and paid over or legally disbursed by him, according to law—the sum of ($10,638.52) ten thousand six hundred thirty-eight dollars and fifty-two cents, all of which was done, performed, and neglected by said Brandon in his official capacity as assessor and collector, as aforesaid; all the moneys referred to being public moneys, to which the duties of said office pertained. That no part of the amount due as aforesaid, at the expiration of his said term of office, has been paid to the plaintiff, or any of its officers, or to anyone for its use and benefit, but the whole thereof is still retained by said Brandon, and he has wrongfully and unlawfully converted the same to his own use and benefit; and, although demand has been made therefor by the plaintiff and its officers, said Brandon neglects and refuses to pay over said sum of $10,638.52 or any part thereof, and the whole thereof, together with legal interest thereon, is still due and owing from defendant to plaintiff. That, at sundry times in each of said fiscal years composing said period of office, said Brandon, tax collector, neglected for a period of more than five days, and still neglects and refuses, to make the payments and settlements required in title 10 of the Political Code (Idaho Rev. Stats.)." Said complaint was not certain and specific, as it should have been; but the defendant demurred, and, by order of the court, plaintiff furnished a bill of particulars, from which, in connection with the complaint, the defendant was enabled to understand the particular item claimed by the plaintiff, and he was fully notified of the facts that would be proven against him on the trial. The complaint was sufficient without stating specific acts of fraud or deception.

Appellant claims that he was entitled to retain $397.50 of the sum recovered, as fees for deeds that he executed to the county for property sold for delinquent taxes, and struck off to the county, under the provisions of section 1554 of the Revised Statutes. This contention cannot be sustained. Said section and amendments thereof provide fees to be paid by a redemptioner redeeming from a tax sale, but by no construction can they be

held to authorize the payment of a fee for a tax deed by the county to the assessor and collector.

Appellant claims that certain claims allowed him for clerical assistance were due him, and that he should have been credited therewith. Such claims are not county charges. By the provisions of section 6 of article 18 of the constitution, those county officers who may be allowed deputies and clerical assistance by boards of commissioners are named, to wit, sheriff, auditor, recorder, and clerk of the district court. No other county officers are entitled, under said provisions, to deputies or clerks.

Appellant contends that he was entitled to retain commissions amounting to several hundred dollars on school moneys collected by him. It does not appear that such school moneys were special levies made by school districts; hence the act of March 6, 1891, and of March 11, 1893, have nothing to do with the question before us. By the provisions of section 623, of the Revised Statutes, assessors and collectors are prohibited from charging fees or commissions for collecting public school moneys; while, by the provisions of section 2156, of the Revised Statutes, assessors and collectors are allowed commissions on all taxes collected by them. Appellant insists that the last-named section repeals the former. We cannot so hold. The Revised Statutes were adopted as a whole, at the same time, and took effect at the same time. The two sections quoted must be construed together, and, if possible, we must give effect to both. This can be done by holding that section 623 qualifies section 2156; and we think that this was the manifest intent of the legislature. Construing both sections *supra* together, the appellant is not entitled to commissions on public school moneys collected by him. Under the views herein expressed, the instructions given were correct. The judgment is affirmed, with costs to respondent.

Huston, C. J., and Sullivan, J., concur.