(June 25, 1901.)

### BANNOCK COUNTY v. BELL.

[65 Pac. 710.]

STATUTE OF LIMITATIONS—RUNNING AGAINST COUNTY.—The statute of limitations runs against the county in a civil action brought by the county against an ex-clerk of the district court, who was ex-officio auditor and recorder of such county, for alleged illegal fees and compensation collected by him from the county during the term of his office. On that point the case of *Fremont County v. Brandon*, 56 Pac 264, is overruled.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

S. C. Winters and F. S. Dietrich, for Appellant.

The complaint shows upon its face that both causes of action are and were barred by the statute of limitations, and had so been barred for over a year prior to the filing of the complaint. (Idaho Rev. Stats., secs. 4053, 4060.) The statute of limitation runs as well against a municipal corporation as against an individual. (*In re Opening of Beck Street,* 19 Misc. Rep. 571, 44 N. Y. Supp. 1087; *In re Opening of Fox Street,* 19 Misc. Rep. 571, 44 N. Y. Supp. 1087; *Hartman v. Hunter,* 56 Ohio St. 175, 46 N. E. 577; *Gaines v. Hot Springs County,* 39 Ark. 262; Bushwell on Limitation and Adverse Possession, sec. 99; *City of Bedford v. Willard,* 133 Ind. 562, 36 Am. St. Rep. 563, 34 N. W. 369; *City of Bedford*

Idaho, Vol. 8—1

*v. Green*, 133 Ind. 562, 33 N. E. 369; *May v. School Dist. No. 22*, 22 Neb. 205, 3 Am. St. Rep. 266; 34 N. W. 377; *State v. Dunbar Estate*, 99Mich. 99, 57 N. W. 1103; *San Louis Obispo County v. Farnum*, 108 Cal. 567, 41 Pac. 447; *Board of Commissioners of Graham County v. Van Slyck*, 52 Kan. 622, 35 Pac. 299; *People v. Van Ness*, 76 Cal. 121, 18 Pac. 139; *People v. Melone*, 73 Cal. 574, 15 Pac. 294.)

Frank Martin, Attorney General, and J. W. Eden, for Respondent.

Appellant urges that the causes of action set out in plaintiff's complaint were barred by the statute of limitations, (Rev. Stats., 4060.) Appellant's attempt to plead the statute of limitations is not sufficient to present that question. It is too indefinite and uncertain in its terms. It is impossible to ascertain from the language used to which cause of action defendant intends it should apply, or whether or not he intends it should apply to the whole. (*Freemont County v. Brandon*, 6 Idaho, 482, 56 Pac. 264; *Ada County v. Gess*, 4 Idaho, 611, 43 Pac. 71; *Elmore County v. Alturas County*, 4 Idaho, 145, 95 Am. St. Rep. 53, 37 Pac. 349; *Dunbar v. Board of Commissioners*, 5 Idaho, 407, 49 Pac. 409, 412.)

SULLIVAN, J.—This action was brought by Bannock county against the appellant, who was clerk of the district court and *ex-officio* auditor and recorder of said county for the years 1893 and 1894. The complaint contains two causes of action, one for each of said years. It is alleged in the complaint in the first cause of action that the appellant, as clerk, auditor and recorder of said county, did, on the sixteenth day of January, 1894, present to the board of county commissioners of said county an account for services rendered by the appellant for said county for the year 1893 in his official capacity, amounting to $805.75; that thereafter, on the seventeenth day of January, 1894, said board allowed said account, except for the sum of $52.80, and ordered a warrant drawn in favor of appellant for the sum so allowed to wit, $752.95; and that said warrant was paid by the treasurer of said county. In the

fifth paragraph of the complaint is set out an itemized statement of the items alleged to have been illegally, corruptly, and fraudulently allowed, amounting to $410.60, and it is alleged that none of said items were proper charges against said county, and that by reason of the allowance and payment of said claim the appellant became indebted to said county in the sum of $410.60; that demand has been made on appellant to pay the same, and he has refused to do so. For a second cause of action the necessary allegations are made charging appellant with having collected from said county, as clerk, auditor, and recorder thereof, for services rendered during the year 1894, illegal fees to the amount of $329.10. A general demurrer was filed to said complaint and overruled. The answer puts in issue the material allegations of the complaint, and also sets up the statute of limitations. The cause was tried by the court and judgment entered against the appellant for $1,068.81, interest and costs. This appeal is from the judgment, taken within sixty days after the entry thereof.

The record contains a bill of exceptions purporting to contain all of the evidence taken on the trial. Several errors are assigned, but, in our view of this case, it is necessary to notice but one of them. It is contended that the complaint shows on its face that both causes of action stated therein are and were barred by the statute of limitations. Section 4053, of the Revised Statutes provides that the period within which to commence an action upon a contract, obligation, or liability not founded upon an instrument of writing is four years. Section 4060 of the Revised Statutes provides as follows: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." Section 4061 of the Revised Statutes provides that the limitations prescribed in chapter 3 of said Revised Statutes apply to the state the same as to private parties. The complaint, on its face, shows that the first cause of action accrued on the seventeenth day of January, 1894, and that the second cause of action arose on the fourteenth day of January, 1895. This action was commenced on the twelfth day of

March, 1900, about five years and two months after the last cause of action arose, about one year and two months after the action was barred by the statute of limitations. Under the provisions of either of said sections 4053 or 4060 of the Revised Statutes said action was barred within four years after the cause of action accrued. Under the provisions of section 4061 the statute of limitation applies to the state as well as to private parties. Section 346 of the Code of Civil Procedure of California is the same as section 4061 of the Revised Statutes, each of which provides that the statute of limitations applies to actions brought in the name of the state in the same manner as to actions by private parties. Under the provisions of subdivision 1, section 339, of the Code of Civil Procedure of California, which contains the same provisions as our section 4053, except the limitation is fixed at two years, the supreme court of that state held that when money belonging to the county is received by the county auditor, an action against him is barred in two years. (*San Luis Obispo Co. v. Farnum,* 108 Cal. 567, 41 Pac. 447.) It was held in *Board v. Van Slyck,* 52 Kan. 622, 35 Pac. 299, that a cause of action for fees not accounted for and wrongfully retained by the county clerk accrues at the end of each quarter, when the allowance of salary is made; and is barred, under the three year statute limitations, if the action is not brought within that period. It was also held that the statutory limitation could not be extended by the failure to demand the payment of the fees collected, as no demand was necessary for fees so illegally retained. In *People v. Van Ness,* 76 Cal. 121, 18 Pac. 139, the supreme court of California held that the statute of limitations applies to actions brought by the state for sums collected and held by a public officer, which the statute required him to pay into the public treasury. In *People v. Melone,* 73 Cal. 574, 15 Pac. 294, the supreme court of California held that the statute of limitations applied to the state. That was an action against the Secretary of State to recover fees received by him, which by law he was required to pay over to the state. The following cases hold that the statute of limitations runs against a

municipal corporation: *In re Opening of Beck Street,* 19 Misc.
Rep. 571, 44 N. Y. Supp. 1087; *In re Opening of Fox Street,*
19 Misc. Rep. 571, 44 N. Y. Supp. 1087; *Hartman v. Hunter,*
56 Ohio, 175, 46 N. E. 577; *Gaines v. Hot Springs Co.,* 39
Ark. 262; *City of Bedford v. Willard,* 133 Ind. 562, 36 Am.
St. Rep. 563, 33 N. E. 368; *May v. School Dist.,* 22 Neb. 205,
3 Am. St. Rep. 266, 34 N. W. 377; *State v. Dunbar's Estate,*
99 Mich. 99, 57 N. W. 1103.   In the opinion in *May v. School
Dist., supra,* the court quotes as follows from Wood on Limita-
tion of Actions: "In Wood on Limitation of Actions, section
53, it is said : 'The maxim, *"Nullum tempus occurrit regi"*
("Lapse of time does not bar the right of the crown"), only
applies in favor of the sovereign power, and has no application
to municipal corporations deriving their powers from the sov-
ereign, although their powers, in a limited sense, are govern-
mental.   Thus the statute runs for or against towns and cities
in the same manner as it does for or against individuals.'"

It has been suggested that the statute of limitations does not
run against a county to recover public money wrongfully with-
held by one of its fiducial agents, and that the clerk received
said money as such agent.   We cannot concede that view, as the
whole current of modern authority is to the effect that implied
trusts are within the statute, and that the statute begins to run
from the time the money was wrongfully received.   In a note
to section 343 of the Code of Civil Procedure of California,
which section is the same as section 4060 of the Revised Stat-
utes, it is stated that, "by the whole current of modern author-
ities, implied trusts are within the statute, and the statute be-
gins to run from the time the wrong was committed by which
the person becomes chargeable as trustee by implication."   To
sustain the position that the statute of limitations does not run
against a county, counsel for respondent cites: *Fremont Co. v.
Brandon,* 6 Idaho, 482, 56 Pac. 264; *Ada Co. v. Gess,* 4 Idaho,
611, 43 Pac. 71; *Elmore Co. v. Alturas Co.,* 4 Idaho, 145, 95 Am.
St. Rep. 53, 37 Pac. 349; *Dunbar v. Board,* 5 Idaho, 407, 49 Pac.
409.   In the first case cited this court held that, the defendant
being a fiducial agent of the county, and having received money
in trust for the county, the statute of limitations did not run

against the county in an action to recover such money. The statute of limitations of this state is expressly made applicable to the state. It is, therefore, applicable to the counties of the state, and, so far as the case of *Fremont Co. v. Brandon* holds that said statute does not run against the county, the same is hereby overruled. The other three cases above cited are not in point in the case at bar. The judgment is reversed and remanded, with instructions to sustain the demurrer, and for further proceedings in conformity with the views expressed in this opinion. Costs of this appeal are awarded to the appellant.

Stockslager, J., concurs.

QUARLES, C. J., Dissenting.—I am unable to concur in the opinion prepared by my associate, or the conclusion reached in this case. I feel that it is my duty to state at length the reasons which prevent my concurrence in the views expressed in the majority opinion. It is held in the majority opinion that, as the statute of limitations runs against the state and every subdivision of it, the respondent county is barred by the statute. This conclusion, to my mind, is erroneous. The authorities cited in the majority opinion, with one or two exceptions, do not sustain that contention. The correct view of this question was presented by this court in the case of *Elmore Co. v. Alturas Co.*, 4 Idaho, 145, 95 Am. St. Rep. 53, 37 Pac. 349, where, after reviewing the authorities, this court said: "As respects public rights or property held for public use upon trusts, municipal corporations are not within the operation of the statutes of limitations." And again, in the same case, this court said: "It is contended that sections 4060, 4061 of the Revised Statutes make the statute of limitations applicable to the state and to the counties thereof, and to actions of the character of the one at bar. Section 4060 states: 'An action for relief not hereinbefore provided for must be commenced,' etc. It will be noticed that all the sections preceding section 4060 apply to actions by or against private individuals for the enforcement of a private right or correction of a private wrong, and therefore we must conclude that section 4060 refers to actions of the same character, which have not been specially enumerated

in the other sections. It would seem to be clear that, if actions of a public nature to enforce the performance of a public duty or obligation were intended to be included in this section, the legislature would have said so, as this would include actions of an entirely different nature from those specified in the other sections of the chapter, and, if so construed, would include a large class of cases of which nothing is said in the limitation statutes, and which are clearly not barred by lapse of time. We cannot thus undertake to extend the statute, by construction, beyond what the legislature seem to us evidently to have intended. The same is true with reference to section 4061. The state, in the enforcement of a right against private individuals, would not ordinarily be barred, and not at all unless specially named; and therefore section 4061 says (as amended) : 'The limitations prescribed in this title apply to actions brought in the name of the state, or for the benefit of the state.' This section is specifically restricted to the limitations 'prescribed in this title'; that is, to actions of a private nature, and against private individuals. To hold that it applied to actions such as the one at bar would seem to be extending the limitation beyond either the words or meaning of the statute, and therefore beyond the intention of the legislature." The above action was commenced to compel the defendant county, through its county commissioners, to do a certain act which was required to be done at a certain fixed time. The defendant pleaded and relied upon the statute of limitations. If the statute applied, the action was barred. The court held that it did not come within the class of actions mentioned in the statute, because it was not "an action to enforce a private right," nor against a private party, but related to a public right based upon public duty. Will it be contended that the revenues of the plaintiff county, its public funds in its public treasury, is matter of private right or property? Will it be contended that the retention of public money by a public officer is a matter of private right, or that an action to compel him to pay the same into the public treasury is not a matter of public right based upon a public duty? This action does not come within the letter or spirit of our statute of limitations. The distinction

is as plain in this case as in the case of *Elmore Co. v. Alturas Co.* To this effect is the decision in *Fremont Co. v. Brandon,* 6 Idaho, 482, 56 Pac. 264, where we held that the plaintiff, who had, as assessor and collector, received a warrant for $500, quarterly salary, to which he was not entitled, "being a fiducial agent, received said money in trust for the plaintiff, and the statute of limitations did not run against the county. (See *Elmore Co. v. Alturas Co.,* 4 Idaho, 145, 95 Am. St. Rep. 53, 37 Pac. 349.) The county could recover such sum from the defendant. (*Ada Co. v. Gess,* 4 Idaho, 611, 43 Pac. 71.") The Brandon case was decided upon the authority of the decision in *Elmore Co. v. Alturas Co., supra,* and upon the theory that an action to recover money which belongs to the public from a public officer, or one who was such when the public funds came into his hands, does not come within the letter or spirit of our statute of limitations, as conclusively shown by the construction placed upon the statute in *Elmore Co. v. Alturas Co.,* 4 Idaho, 145, 95 Am. St. Rep. 53, 37 Pac. 349. Let me quote further from the latter decision: "It is a principle of the common law that the government—and therefore, by parity of reasoning, a county—cannot be guilty of laches. It is also well settled that a state is not barred by a statute of limitations, unless expressly named. (*Madison Co. v. Bartlett,* 1 Scam. 70; *Bank v. Brown,* 1 Scam. 107.) Agents of the county are not acting for themselves, but for the county; and therefore the county is not barred by their neglect. (*Bank v. Brown, supra.*) As respects public rights of property held for public use upon trusts, municipal corporations are not within the operation of the statute of limitations; but with regard to mere private rights or contracts the rule is different, and such corporation may plead, and have pleaded, against them, the statutes of limitations." See authorities cited in that decision. Under the statute and under the authorities there is no question but what a suit upon a bond against sureties is barred by the statute, although the suit be in behalf of the state or of a county. That would be a suit upon a contract against private parties, and such as was contemplated by the statute, as pointed out in *Elmore Co. v. Alturas Co., supra.*

But that decision, as well as the language of the statute, shows clearly that the legislature did not intend to make the statute apply to cases like the one at bar.

The majority opinion cites a number of authorities, which I have carefully examined. The two first cases—*San Luis Obispo Co. v. Farnum,* 108 Cal. 567, 41 Pac. 447, and *Board v. Van Slyck,* 52 Kan. 622, 35 Pac. 299—were actions upon bonds. In the two cases, *People v. Van Ness,* 76 Cal. 121, 18 Pac. 139, and *People v. Melone,* 73 Cal. 574, 15 Pac. 294, the supreme court of California sustains the rule laid down in the majority opinion; but, as those decisions were rendered after we adopted the statute in question, they are not binding authority here. In *Re Opening of Beck Street* and in *Re Opening of Fox Street,* 19 Misc. Rep. 571, 44 N. Y. Supp. 1087, the question was whether a dedication made of lands for public highways had been accepted or not, and the court held that such dedication had not been accepted; hence there was no dedication. That case is not in point. In *Hartman v. Hunter,* 56 Ohio St. 175, 46 N. E. 577, the supreme court of Ohio held that assessments for construction of a township ditch could not be recovered by action against a private party after the running of the statute. In *Gaines v. Hot Springs Co.,* 39 Ark. 262, the county court was petitioned to refund taxes to private parties that had been paid for many years, and the court held the action could not be maintained against the county. In *City of Bedford v. Willard,* 133 Ind. 562, 36 Am. St. Rep. 563, 33 N. E. 368, the supreme court of Indiana held that "the statute of limitations runs against a county in respect to land conveyed to it for sole benefit, where such land has not been dedicated to public uses." The controversy was over a small portion of a tract that had been conveyed to the county for a county seat, and which was omitted from the plat of the town, and had been in possession of the defendant for thirty years prior to the commencement of the action. In *May v. School Dist.,* 22 Neb. 205, 3 Am. St. Rep. 266, 34 N. W. 377, the supreme court of Nebraska held that the statute runs in favor of the school district in the matter of warrants issued on the school fund more than five years before the suit was commenced.

In *State v. Dunbar's Estate,* 99 Mich. 99, 57 N. W. 1103, the
suit was to recover money expended by the county in maintain-
ing an insane person at an asylum. The supreme court of
Michigan held the action was barred by the running of the
statute. With the exception of two California cases mentioned
above, the decisions cited in the majority opinion do not apply,
in my judgment, and are not in point. But the Idaho cases
cited are in point, and correctly interpret our statute of limi-
tations. It was not intended by the statute to prevent the
collection of public funds owned by the people of a county
from a public officer, in whom the people had placed trust and
confidence, by action, whether the public officers of the county
were diligent or not. A public official who receives money be-
longing to the public should be held to hold it in trust for the
public, and a continuation by him of the wrong of withholding
such money from the public treasury should not, by lapse of
time, vest him with a defense to an action for its recovery,
unless the statute so declares in express terms. There is only
one solution of the question as to why the court held the cause
of action not barred by the statute in case of *Elmore Co. v.
Alturas Co., supra,* and that is that it was not founded on pri-
vate, but on public, rights affecting the public. Here the con-
troversy is between the county and one of its public servants,
affects public rights, and is not founded upon an ordinary trans-
action, such as was contemplated by the legislature when it
enacted our limitation statute. The fiducial relation existing
between a county and its public officers should preclude the
courts from applying statutes of limitations in cases like the
one before us, unless expressly embraced within the statute.
With the exception of the two California cases, the decisions
cited in the majority opinion are of the character which this
court said in *Elmore Co. v. Alturas Co., supra,* the statute
affects, and, to my mind, shows the correctness of the construc-
tion of the statutes in question in that case. It is not the
policy of courts to extend the operation of the statute to cases
which are not clearly within its provisions, and especially is
this true in actions affecting public rights and against public
servants. Public interests and sound governmental policy de-

mand that public officers be held to strict accountability for any and all public money that may come into their hands. The decision in *San Luis Obispo Co. v. King,* 69 Cal. 531, 11 Pac. 178, decided by the supreme court of California, is somewhat at variance with the California cases cited. The court there said: "As the defendant received the moneys collected by him, and held the same, in trust for the county, the action is not barred. No demand was made until the day before suit." The findings are within the issues, are supported by the evidence, and the pleadings and findings support the judgment. Judgment should be affirmed.