[No. 12746.    Department One. — May 12, 1890.]

CITY AND COUNTY OF SAN FRANCISCO, Appellant, v. WILLIAM E. STRAUT et al., Respondents.

San Francisco — Beach and Water Lots — Legal Estate — Public Trust — Statute of Limitations — Prescription. — The interest of the city and county of San Francisco in its beach-and-water-lot property is a legal estate for ninety-nine years, and the right of the city for that term is as absolute a title, and as free from public trust, as if held by a private proprietor, and may be extinguished by adverse possession, under the statutes of limitation.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Craig & Meredith,* for Appellant.

*Cope & Boyd,* for Respondent.

Fox, J. — The only question on this appeal is, whether the claim of the plaintiff is barred by the statute of limitations. Confessedly it is so barred, unless the title of plaintiff was charged with a public trust, and for that reason not subject to extinguishment by adverse possession, under the statute of limitations.

The action is ejectment, for the recovery of one of the beach and water lots of San Francisco. It was found that the defendant Straut, and his lessor, Boyd, had been in the continuous, open, notorious, adverse possession of the lot for twelve and a half years next before the commencement of this action, and judgment went for defendants, from which, and an order denying a motion for new trial, plaintiff appeals.

The title of plaintiff is that, and that only, which was derived under the beach-and-water-lot act. (Stats. 1851, p. 309.) Appellant claims that by the terms of the act the premises were "impressed with a public trust." Whether it was so impressed or not was determined by this court in *Holladay* v. *Frisbie,* 15 Cal. 630, where the court,

speaking through Mr. Justice Field, said: "The right of the state to the percentage, and the obligation of the city to pay the same, can only arise *after* the city has parted with the estate and received the consideration. . . . . Nor does the proviso create a trust in the city in favor of the state, so far as the property itself is concerned; that is to say, the estate granted is not, by force of the proviso, held in trust partly for the benefit of the state. . . . . The interest which the state reserved is to a portion of the proceeds arising upon the *sale* or other disposition of the property, *if any proceeds were received by the city.* . . . . *The interest of the city in the beach-and-water-lot property is a legal estate for ninety-nine years.* . . . . The city may have . . . . parted with its interest in a variety of ways, without the receipt therefrom of any moneys."

A reference to the act under which appellant claims fully justifies this decision. The grant is for a term, but during the term no beneficial interest in the *land* whatever is reserved to the state. The city is not required to sell; the only provision is, that, if she does sell, she shall pay twenty-five per cent of the proceeds of the sale to the state. The only right of the state is in the proceeds when realized, but with no obligation on the part of the city ever to realize any proceeds.

The right of the city, therefore, for the term is as absolute a title, and as free from trust, as that of any private proprietor.

The title thus granted may be extinguished by adverse possession, under the statute of limitations. (*San Francisco* v. *Calderwood,* 31 Cal. 585.) To the same effect is *Hoadley* v. *San Francisco,* 50 Cal. 274, 275, so far as relates to lands of the city not held in trust, or dedicated to a public use. (See also *County of Yolo* v. *Barney,* 79 Cal. 378.)

Judgment and order affirmed.

Paterson, J., and Beatty, C. J., concurred.