## DOYLE *v.* SAN DIEGO LAND & TOWN CO.

*(Circuit Court, S. D. California. August 8, 1890.)*

EQUITY—PARTIES.
 In an action against a corporation and its officers, in which relief is sought against the corporation and discovery from the officers, the latter are not merely nominal parties.

In Equity. On demurrer to bill.
*Deakin & Story*, for complainant.
*Luce, McDonald & Torrance*, for defendants.

Ross, J. The defendants to the bill in this case are a corporation organized and existing under the laws of the state of Kansas and four individuals, two of whom are alleged to be officers, and the other two stockholders, of the corporation. The complainant and the individual defendants are all citizens and residents of this state. If it be true, as contended by counsel for complainant, that the individual defendants are merely nominal parties, the fact that they are made defendants to the bill would not oust the court of jurisdiction. But are they nominal parties only? The bill is one for relief against the corporation, and, as incidental to that relief, for discovery against the individual defendants. To such a bill I do not see how the parties from whom the discovery is sought can be said to be nominal defendants. If the whole scope of the suit was against the corporation alone the mere fact that the officers of the corporation were made parties would be unimportant, because a corporation acts and is made to act through its officers, and they are therefore bound in their official capacity by any valid judgment against it. To such a suit such officers would not only not be necessary, but they would not be proper, parties; and, if made such, would not be real, but nominal, parties only. *Hatch* v. *Railroad Co.*, 6 Blatchf. 114, 115. But, as said by Judge BLATCHFORD in the case cited, where the officer is "made a party defendant, jointly with the corporation of

which he was an officer, for the purpose of obtaining some specific relief against him on a personal liability, or in order to obtain a discovery from him in regard to matters peculiarly within his knowledge," he is a real party to the suit. I do not see how it can be otherwise. One who is made a defendant to a suit for the purpose of obtaining discovery from him as incidental to the relief sought against another defendant is just as much a necessary, and therefore a real, party as though made a defendant to a bill for discovery alone. In either case it is obvious that unless made a party no discovery can be obtained from him, and when sued for that purpose it would seem to be plain enough that he cannot be held to be a nominal party. It results that the second ground of demurrer is well taken, and must be sustained, with leave to complainant to amend within the usual time, if he shall be so advised.