[No. 13004.   Department One. — December 18, 1891.]

## THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT, v. W. B. BRADBURY ET AL., APPELLANTS.

VAN NESS ORDINANCE — MAP — JUDICIAL NOTICE — REPORT OF COMMISSIONERS — RESERVATION OF ENGINE LOTS — SUFFICIENCY OF EVIDENCE. — In an action of ejectment by the city and county of San Francisco to recover the possession of a lot claimed by the city to have been reserved as a fire-engine lot under the Van Ness ordinance, where the plaintiff offered in evidence the several ordinances of the common council, and the map prepared in pursuance thereof, known as the "Van Ness map," which were confirmed and made the subject of judicial notice by the act of 1858, and also the report of the commissioners who prepared the map, that they had selected twenty-five lots in the city for fire purposes, and designating their size, it further appearing that upon the map were twenty-five spaces, within parallel lines, similar to the one in question; that upon some of those spaces were figures indicating the size of the lots, to correspond with the report of the commissioners; that from other portions of the map such figures were intended to represent feet and inches; that the map was originally white, and that the spaces within the parallel lines were originally colored, — it is sufficiently shown that the twenty-five spaces, of which the lot in question was one, were reserved, under the provisions of the ordinance, for public use for engine lots.

ID. — RESERVATION FOR PUBLIC USE — ADVERSE POSSESSION. — The reservation of an engine lot to the city and county of San Francisco, by virtue of the Van Ness ordinance, being a reservation for a public use, the title to the lot remained in the public, irrespective of the particular municipal agency charged with its custody and management, and an individual could not, by mere adverse possession, acquire any title to such lot or invoke the aid of the statute of limitations as a defense to its recovery.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Joseph R. Brandon,* for Appellants.

*Craig & Meredith,* and *Lloyd & Wood,* for Respondent.

HARRISON, J. — Action of ejectment to recover possession of an engine lot reserved to the city of San Francisco by virtue of the Van Ness ordinance. The case was tried by the court without a jury, and judgment rendered for the plaintiff for a portion of the land sued for, and in favor of the intervener for the remainder. A motion for a new trial was made by the defendant Bradbury, and denied, and from this order, as well as the judgment, he has appealed. The court finds as facts in the case, that the land sued for had been reserved for public use as a fire-engine lot, and that the defendant Bradbury unlawfully entered into possession of it in the year 1874, and had ever since deprived the plaintiff of its possession. The appellant assails the findings, upon the ground that the evidence before the court was insufficient to justify it in finding that the lot had been reserved for public use, and insists that upon the finding of an adverse possession in favor of the appellant he was entitled to judgment in his favor. The objection to the finding that the lot in question had been reserved for public use is twofold, viz.: It is claimed that the evidence was insufficient to show that by virtue of the ordinance there had been a reservation of any engine lots whatever; and further, that there was no sufficient evidence that the lot in question was one of those attempted to be reserved.

For the purpose of establishing the reservation, the plaintiff offered in evidence the several ordinances of the common council, and the map prepared in pursuance thereof, known as the "Van Ness map." These ordinances

and the map were validated by the legislature in 1858 (Stats. 1858, p. 52), by an act in which the ordinances are set forth at length, and all courts are directed to take judicial knowledge of them, "without further proof, as if they were public acts of the state legislature." And in *Sawyer* v. *San Francisco*, 50 Cal. 370, it was held, that "the act of the legislature of 1858 operated to impart validity to the reservations as defined and delineated on the map reported by the commission." In addition to this, there was in evidence before the court the report accompanying the map, made by the commissioners who had been appointed by the common council to make the selection of lots to be reserved, and under whose directions the map had been prepared, and also the testimony of two of the commissioners. The map was prepared upon a scale of three hundred feet to the inch, and upon it block 56, within which the lot in question is located, is delineated with six subdivisions, which, as the map was originally prepared, were designed to represent fifty-vara lots. Within the middle one of the three of these subdivisions which front on Bush Street are two parallel lines, apparently in or near the middle of the lot, and running northerly from Bush Street through the lot. After the map had been prepared, Van Ness Avenue was widened by taking portions of the adjacent blocks, and the portion taken from block 56 was taken from the outer lots in the block, leaving the middle fifty-vara lot of its original dimension. There was nothing upon the map to indicate specifically that the lot in question was one of those reserved. The commissioners, however, who had been appointed under the provisions of section 8 of the Van Ness ordinance to make selection of "sites for school-houses, hospitals, fire-engine houses, and other public establishments necessary and proper for the use of the corporation," as provided in section 6 of the ordinance, stated in their report aforesaid that they had adopted the map then presented by them (the Van Ness map above named), and (with other recitals) that "the number of lots selected for fire purposes is twenty-five (25), their

size thirty feet by one hundred and thirty-seven and a half feet (30 feet by 137½ feet), except those located on the Potrero, which are thirty feet by one hundred feet (30 by 100 feet)." The map contained an inscription, signed by the commissioners, to the effect that it had been prepared by them in pursuance of said ordinance, " for the location and dimensions of the streets, with the lots or grounds selected or set apart for the several public uses as herein designated"; and upon the map itself, which by stipulation is made a part of the record herein, there appear twenty-five spaces included within parallel lines similar to those delineated in block 56. It was also in evidence before the court that the original tint or color of the lot in block 56, within the small parallel lines, was carmine or red, and that there were twenty-five lots on the map colored red, of which this was one; and also that the selection by the commissioners had been made in the middle of the block previous to the widening of Van Ness Avenue. There were no figures to indicate the dimensions of the space within the parallel lines in block 56, but on the lines of some of the spaces south of Market Street the figures 30 and 137.6 are inscribed, and on others the figures 30 and 100 are found.

This evidence, we think, fully authorized the court to find that the spaces within the parallel lines referred to were reserved for engine lots. There is no appreciable distinction between the evidence thus presented to the court and that which was before the court in the case of *Board of Education* v. *Donahue*, 53 Cal. 190. While the mere fact that within block 56 the two parallel lines referred to would not, taken by themselves, indicate any reservation, yet when that fact is considered in connection with the object for which the map was prepared; the report of the commissioners who prepared the map, that they had made selection of twenty-five lots for fire purposes, and designating their size; that upon the map are to be found twenty-five spaces within parallel lines similar to the one in block 56; that upon some of those

spaces are found the figures indicating the size of the lots to correspond with the report of the commissioners; that from other portions of the map those figures are intended to represent feet and inches; that the map was originally white, and that the spaces within these parallel lines were originally colored, — the conclusion is irresistible that those twenty-five spaces of which this is one were reserved under the provisions of the ordinance for public use for engine lots.

For the purpose of showing that the lot described in the complaint is within the parallel lines above named in block 56, witnesses were called to assist the court in the examination of the map, and gave testimony in reference thereto. This testimony was quite conflicting, some of the witnesses declaring that on a map prepared upon so small a scale it is impossible to define so small a lot within ten or twenty feet, while other witnesses had no hesitation in placing the lot in the middle of the block. Under this conflict of testimony we must accept the finding of the court as correct. The map was before it for examination, with all the aid which it could derive from the various figures of reference upon it, and the testimony of witnesses with reference thereto. The court had the opportunity to make a personal examination and measurement, and we cannot say that its conclusion is not justified by the evidence in the case.

In the case of *Board of Education* v. *Martin, ante*, p. 209, we have recently had occasion to consider the character of the reservations for public purposes made by virtue of the Van Ness ordinance, and the effect of an adverse possession upon the title to the lots so reserved. We held in that case, that inasmuch as the reservation was for a public use, the title to the land remained in the public, irrespective of the particular municipal agency which was charged with its custody and management, and that an individual could not by mere adverse possession acquire any title to such land, or invoke the aid of the statute of limitations as a defense to its recovery. The principles there laid down apply as fully, if not more

forcibly, to the present case, and upon the authority of that case we affirm the judgment of the court below upon this point.

The plaintiff has not appealed from the judgment in favor of the intervener, Stone, and it is therefore unnecessary to consider their respective rights to the land adjudged to him. We find nothing in the record, however, showing that the rights of the appellant are in any respect impaired by this portion of the judgment.

The judgment and order of the court below are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.