[Civ. No. 172. First Appellate District.—March 20, 1906.]

E. ORACK, Appellant, v. GRACE M. POWELSON et al., Defendants; CITY AND COUNTY OF SAN FRAN- CISCO, Respondent.

QUIETING TITLE—PRESCRIPTION AGAINST CITY AND COUNTY—VAN NESS ORDINANCE—TRUST NOT SHOWN.—In an action to quiet title to lands within the limits of the Van Ness ordinance of the city and county of San Francisco against an individual defendant and such city and county, where the plaintiff claimed title by prescription, and the court found adverse possession of the premises by plaintiff and his predecessors, and payment of all taxes thereon for more than ten years, and that the land was not reserved under the or- dinance for any public use or set apart for any municipal purpose, the plaintiff was entitled to enforce his title by prescription against the city and county as well as against the individual de- fendant, in the absence of any averment showing or finding that there was any previous possession of the property creating a trust in favor of anyone under the terms of the Van Ness ordinance.

ID.—TRUST TO CONVEY IMMATERIAL.—Neither the fact that the land was held by the city and county under a trust to convey, nor that the plaintiff might have enforced a deed, if he had proved posses- sion by himself or by his predecessors in interest under the terms of the Van Ness ordinance, could defeat the title acquired by virtue of his ten years' adverse possession, nor justify the court in refusing to give him judgment against the city.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Tobin & Tobin, for Appellant.

Percy V. Long, City and County Attorney, for Respondent.

HARRISON, C. J.—Action to quiet title. Judgment was rendered in favor of the plaintiff, quieting his title to the land described in the complaint as against the defendant

Powelson, but refusing to quiet it as against the defendant the city and county of San Francisco. The plaintiff has appealed from the judgment, presenting his appeal upon the judgment-roll without any bill of exceptions.

The land involved in the action is situated in the city and county of San Francisco on the southerly line of Golden Gate avenue one hundred feet easterly from Scott street, and having a frontage of twenty-five feet with a depth of one hundred feet. The court found that the plaintiff deraigns his title by mesne conveyances under a so-called pre-emption claim of one Henry Merritt, made in 1850, which embraces the land described in the complaint; and it also found that "the plaintiff, by himself and his predecessors in interest, has been in open, notorious, exclusive, and adverse possession of said premises and every part thereof, and has paid all taxes levied and assessed thereon for city, county and state purposes for a period of more than ten years next before the beginning of this action." By virtue of the provisions of section 1007, Civil Code, the finding that the plaintiff has had an adverse possession of the land in question for more than ten years prior to the commencement of the action shows that he has acquired a title thereto by prescription sufficient against all. The provisions of the section include the respondent, and in the absence of any further evidence, the plaintiff was entitled to the judgment asked for by him. If there were any ground upon which the respondent would not be subject to the provisions of the section it was an affirmative defense, to be presented upon the record and established by evidence. In its answer to the complaint the respondent alleges that it holds the legal title to the property in trust, to be disposed of and conveyed to the parties entitled thereto and designated in an act of the legislature of the state of California entitled "An act to expediate the settlement of land titles in the city and county of San Francisco, and to ratify and confirm the acts and proceedings of certain authorities thereof," approved March 14, 1870; and that the legal title thus held by it in trust is the only interest or claim which it has therein; that by the aforesaid act of March 14, 1870, the legislature has prescribed the terms and conditions and designated the man-

ner in which the legal title of said premises shall be disposed
of and conveyed by it to the party or parties designated in
said act as entitled to said conveyance; that said title has never
been disposed of or conveyed at all; and that said act pro-
vides a plain, speedy, and adequate method by which its title
can be conveyed to plaintiff if he has title to it; and that he
has never availed himself of said method for the purpose of
procuring said legal title. The court made a finding in ac-
cordance with these averments, and as a conclusion of law
therefrom held that the plaintiff is not entitled to a decree
quieting his title as against the city and county.

The lands within the city and county of San Francisco
which were formerly held by the pueblo of San Francisco are
those which were embraced within the limits of the Van Ness
ordinance and those commonly known as "Outside Lands."
The former includes those within the charter limits of the city
of San Francisco as defined in the act for its incorporation,
passed April 15, 1851, and were released to the city by the
act of Congress of July 1, 1864; and the latter includes that
portion of the pueblo lands confirmed to the city by the de-
cree of the circuit court of the United States May 18, 1865,
which lie outside of the charter limits of 1851 and were con-
veyed to the city by the act of Congress of March 8, 1866.
The act of March 14, 1870 (Stats. 1869-70, p. 353, c. 249),
covers the land included in both of these descriptions, and au-
thorizes a conveyance to be made by the city and county of
land included in each; but in defining the class of persons to
whom such conveyances may be made the legislature has pre-
cluded it from making a conveyance to anyone who is not
within the class so defined. Of the outside lands it is author-
ized to make a conveyance only to those who, either in person
or through persons from whom they claim or derive possession,
were in possession on the 8th of March, 1866. Of the lands
covered by the Van Ness ordinance the conveyance can be
made only to those who, by themselves, their tenants or the
persons through whom they claim or derive possession, were
in possession on or before January 1, 1855, and remained in
such possession until and including June 20, 1855. It is only
for such persons that the city and county holds any of said

land in trust for conveyance, or to whom it is authorized by said act to make a conveyance; and in the absence of any showing of such possession the provisions of the act of March 14, 1870, are not available as a defense to the plaintiff's complaint. It was therefore incumbent upon the respondent, not only to allege as an affirmative defense to the plaintiff's right of action, but also to show at the trial the existence of some person, for whom, by reason of such possession, the property is held by it in trust to be conveyed to him. The land involved in the present action is within the limits of the Van Ness ordinance; and the finding of the court that it was not reserved under that ordinance for any public use, or set apart for any municipal purpose, showed that it is not incapable of alienation or of being acquired by adverse possession.

Neither did the fact that it was held under a trust to convey it to persons who might be entitled thereto prevent the plaintiff from acquiring a title by adverse possession. (*Ames* v. *San Diego,* 101 Cal. 390, [35 Pac. 1005].) As the respondent did not allege in its answer any previous possession of the property, and as the court states in its findings that there was no evidence introduced at the trial to show that the plaintiff or his predecessors were or were not in possession of any portion of the property on the first day of January, 1855, or on the twentieth day of June, 1855, or at any time between those dates, the act of March 14, 1870, was irrelevant to the controversy between the parties. ''There is no presumption that any portion of the land covered by the ordinance was or was not in the actual possession of anyone during this period; but in any legal proceeding, in which the fact whether a particular parcel of land was or was not then held in actual possession becomes material, it must be established by that party who relies upon the fact as an affirmative issue in support of his claim or defense.'' (*Goodwin* v. *Scheerer,* 106 Cal. 690, [40 Pac. 18].) The finding that the plaintiff might have secured a city deed under the act of 1870 if he had proved possession of said property by himself or his predecessors in interest on the first day of January, 1855, and continuously thereafter until the twentieth day of June, 1855, has no legal significance in the absence of a finding that he had such possession or was

able to make such proof. Even if such possession could have been established it would not have defeated the title acquired by him by virtue of his ten years' adverse possession, or justified the court in refusing to give him judgment.

The judgment in favor of the respondent is reversed, and the superior court is directed to enter judgment upon its findings in favor of the plaintiff and against the respondent as prayed for in his complaint.

Cooper, J., and Hall, J., concurred.