[Civ. No. 2796.   First Appellate District, Division Two.—July 10, 1919.]

STATE BOARD OF HEALTH OF THE STATE OF CALI-
FORNIA, Appellant, v. COUNTY OF ALAMEDA, Re-
spondent.

[1] STATUTE OF LIMITATIONS—ERADICATION OF RODENTS—MONEY EX-
PENDED BY STATE BOARD OF HEALTH—ACTION AGAINST COUNTY.—
An action brought by the state board of health against a county
to recover for money expended for the eradication of rodents in
that county pursuant to the provisions of the act of 1913 (Stats.
1913, p. 868), is barred by the provisions of section 342 of the
Code of Civil Procedure where not commenced within six months
after the first rejection of the claim by the board of supervisors.

[2] ID.—APPLICATION TO STATE.—The statutes of limitation are ap-
plicable to the state, or any arm thereof, even though the cause
of action arises in the exercise of its governmental functions.

APPEAL from a judgment of the Superior Court of
Alameda County.   Wm. H. Waste, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Kemper B. Campbell for Appellant.

Ezra W. Decoto, District Attorney, and Theodore P. Witt-
schen, Deputy District Attorney, for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff,
state board of health, from a judgment rendered against
it in an action brought to recover from the county of Ala-
meda the amount of three bills or demands presented by
said board to the board of supervisors of Alameda County,
which had been rejected by said board of supervisors.   The
demands were for the amount of money expended by plain-
tiff for the eradication of rodents on lands situated in the
county of Alameda, and arose by reason of the provisions
of a certain act entitled: ''An act to prevent the intro-
duction, and provide for the investigation and suppression

2. Applicability of statute of limitations to action by agencies of
state, notes, 3 L. R. A. (N. S.) 746; 22 L. R. A. (N. S.) 971;
L. R. A. 1916E, 96.

of contagious or infectious diseases, and appropriating money to be used for such purpose," which is found in the Statutes of 1913, at page 868. This statute, as it read at the time of the expenditures represented by the demands, provided an appropriation of one hundred thousand dollars, which was to be used by the state board of health in such way as it saw fit for the eradication of rodents and other vermin liable to spread infectious or contagious diseases. For the amount spent on a given piece of property, the state board of health was authorized to file a bill with the board of supervisors of the county within which the property was situated, which body is directed by the act to allow the bill as filed at its next regular meeting. After payment by the county, it is given a lien for the amount of the demands so paid against the property mentioned therein, and upon which the money was spent for the purpose specified in the act. The defendants demurred to the complaint upon three grounds, and judgment was entered upon the demurrer, the plaintiff having refused to amend its complaint.

[1] It is only necessary under the conclusion we have reached to consider one ground of objection stated in the demurrer, as that objection is decisive of the present action. It is that the alleged cause of action is barred by the provisions of section 342 of the Code of Civil Procedure, which section reads as follows: "Actions on claims against a county, which have been rejected by the board of supervisors, must be commenced within six months after the first rejection thereof by such board." We fail to see the force of the distinction sought to be made by the appellant between a bill or demand presented to the board of supervisors and a claim presented to that body.

The complaint stated that certain of the demands upon which the action is founded were rejected by the board of supervisors of Alameda County on December 27, 1915, and that others were rejected on March 6, 1916. The present action was not commenced until June 1, 1917, almost fifteen months after the last claim had been rejected.

[2] Appellant argues that the statutes of limitation are not applicable to the state in any case where the cause of action arose in the exercise of its governmental functions, and cites numerous authorities in which this common-law rule is announced. The answer to this objection is that the

rule has been changed in this state by express code provision. Section 345 of the Code of Civil Procedure, which is found in the same chapter as section 342 of the Code of Civil Procedure, above quoted, reads: "The limitations prescribed in this chapter apply to actions brought in the name of the state, or for the benefit of the state, in the same manner as to actions by private parties. . . . "

Clearly, the state board of health is but an arm of the state and comes within the provisions of the last-quoted section.

The demurrer was properly sustained and the judgment is affirmed.

Haven, J., and Brittain, J., concurred.