[Civ. No. 3402. Third Appellate District.—April 3, 1928.]

CHESTER A. BELL, Appellant, v. COUNTY OF LOS ANGELES, Respondent.

Emmett H. Wilson for Appellant.

Edward F. Bishop and J. A. Tucker, for Respondent.

PULLEN, J., *pro tem.*—This is an action to recover from the respondent County of Los Angeles the sum of $370 paid to the tax collector of said county.

A parcel of real property was assessed for taxes in the name of Herman Heacker for the years 1917, 1918, 1919, 1920, 1921, and 1922. The taxes for the year 1917 were not paid and in 1918 there was noted on the assessment-roll opposite the property ''sold to the State.''

In July, 1922, the tax collector, pursuant to the provisions of section 3771a of the Political Code, offered the property for sale at public auction. In the course of the bidding appellant bid the sum of $370 and the property was struck off to him. Appellant bid this amount to the tax collector, who in due course paid the money into the county treasury. After the sale and after the money was so paid to the tax collector appellant learned that the property attempted to be sold to him by the tax collector was vacant public land and that in the year 1917 and at all times thereafter title to the property was vested in the United States government. The records of the United States Land Office show that between 1916 and 1923 no person had any interest in the land in question by reason of any filing of record in that office and that no patent was ever at any time issued by the United States to any person whomsoever for the property and that at no time during the years 1917 to 1922, inclusive, did Herman Heacker hold any possessory right, title or interest in any of the real property.

After the discovery of the foregoing facts appellant in proper time made and filed a demand against the County of Los Angeles for the refund of said sum, which was by the board of supervisors rejected. Respondents alleged and it is found that appellant did not within 30 days after his bid or at any time pay to the tax collector the amount of taxes purported to have been levied upon the property for the years 1918 to 1922, inclusive, with the penalties and costs thereon. For that reason no certificate of sale or deed for the property was issued by the tax collector. Respondents maintain that in the absence of statute a purchaser at a tax sale has no remedy against the county or state to recover money paid at a tax sale. Since appellant has not placed himself within the terms of a statute authorizing a refund he is a mere volunteer and not entitled to recover.

It is the contention of appellant that the assessment of the property in question made in 1917 was absolutely void for the reason that the property at that time belonged to the United States and neither Herman H. Heacker nor any other person had any possessory right or assessable interest therein. If the assessment itself was void all subsequent proceedings thereunder are void. The assessment being void, the tax collector had no right or authority to give notice of the sale of the property under section 3771, had no right to offer the property for sale and his action in accepting the plaintiff's bid and accepting the plaintiff's money was contrary to law; that the amount paid by the plaintiff to the county tax collector was received by the county without consideration; that the tax collector had no authority to accept the money and that he acted outside the law in so doing.

Prior to 1917 there was no statutory provision concerning the attempted sale of government lands for state taxes and supreme court in *Brook* v. *County of Tulare,* 117 Cal. 465 [49 Pac. 469], had a situation in which the facts were quite analogous to the case at bar. There an action was brought under section 3804 of the Political Code to recover from the county of Tulare taxes erroneously assessed and illegally collected upon government land of the United States. As expressed in the syllabus: "A purchaser at a delinquent tax sale of government land of the United States, which was not subject to taxation, is a mere volunteer, and cannot recover of the county the money so paid by him on the ground that

it had been erroneously and illegally collected. Section 3804 of the Political Code does not apply to such a case."

The reason of the court was that plaintiff knew or might have known when he made his bid and paid his money whether the land was vacant public land or not. Someone may have had a possessory claim on the land which was subject to assessment. At any rate, his bid was voluntary and he should not be permitted to recover back the money paid.

Thus stood the law prior to 1917 and in the absence of some statutory remedy a purchaser at a tax sale had no remedy against the county or state to recover money paid at a tax sale.

The principle announced in *Brook* v. *County of Tulare, supra,* accords with the majority of the states which hold that the rule of *caveat emptor* applies. (*Lisso & Bro.* v. *Police Jury,* 127 La. 283 [31 L. R. A. (N. S.), p. 1141, 53 South. 566].) Section 3898, subd. 5 (b) of the Political Code as amended, now provides as follows: "Whenever it shall be determined to the satisfaction of the board of supervisors of the county in which the land is situated that any land belonging to the United States Government or to this state, a municipality or other political subdivision of this state has been erroneously sold and conveyed under the provisions of this or the preceding section, or section three thousand seven hundred seventy-one of this code, and the said land should not have been so sold, the purchaser at said sale may present a claim against the county in the manner provided by law for a refund of the amount so paid into the county treasury by reason of such sale."

It is the contention of respondent that this remedy being purely statutory, appellant must strictly comply with the terms of the statute. Appellant did not complete his option to purchase the property and pay the amount of the taxes which had been levied against the property and obtain a conveyance from the tax collector. The remedy applies only when land has been *sold and conveyed* and until appellant has complied with section 3785b of the Political Code the tax collector could not issue a deed and, therefore, there could be no conveyance. Whether the legislature has met the situation or not, is not for the judicial branch of the government to determine, for the language is plain and unambiguous. Appellant to have completed the sale must,

under section 3771a of the Political Code, pay the amount bid, together with all taxes, penalties and costs due before being entitled to a conveyance. ▮ He has failed to comply with the plain provisions of the law and the court cannot say the provisions of section 3898, subdivision 5 (b) are uncertain, ambiguous or impossible of performance.

The judgment is, therefore, affirmed.

Hart, J., concurred.