[L. A. No. 21478. In Bank. July 13, 1951.]

THE PEOPLE, Plaintiff and Appellant, v. LOVELL C. CHAMBERS, Defendant and Appellant.

Fred N. Howser and Edmund G. Brown, Attorneys General, and Walter S. Rountree and Dan Kaufmann, Deputy Attorneys General, for Plaintiff and Appellant.

Solon S. Kipp and W. E. Starke for Defendant and Appellant.

CARTER, J.—Both parties appeal from a decree quieting title in plaintiff to a section of land in San Diego County conditioned upon the reimbursement of defendant by plaintiff of the amount paid by defendant to obtain a tax deed from plaintiff

In 1933, Mr. and Mrs. Busch were the owners of the property. In that year they conveyed the property to plaintiff-state. The latter through the State Park Commission accepted the conveyance and made the property a part of the state park system.

At the time of the conveyance to the state there were unpaid taxes levied by San Diego County on the property. In 1934 the county instigated delinquent tax proceedings by reason of those taxes and the property was "sold" to plaintiff thereunder. In 1939 the property was conveyed by tax deed to plaintiff for the delinquent 1933 taxes. On March 11, 1940, the property was conveyed by tax deed from plaintiff to defendant. Taxes have been levied on the property for the years since then and paid by defendant. It was to eliminate that tax deed, as a cloud on its title, which prompted plaintiff to commence the instant action on May 28, 1947.

Plaintiff's theory (and that of the trial court) is that the tax lien on the property, when it received the conveyance from the Busches, merged in its title thus acquired, and all the delinquent tax proceedings, including the final deed, were void for it owned the property which made it exempt from taxation. (Cal. Const., art XIII, § 1.) ■ It is not questioned that property belonging to the state is not subject to taxation, and taxation thereof, and tax deeds resulting therefrom are void. (See *People* v. *Doe G. 1034,* 36 Cal. 220; *Warren* v. *City & County of San Francisco,* 150 Cal.

167 [88 P. 712]; *Los Angeles* v. *Board of Supervisors,* 108 Cal.App. 655 [292 P. 539]; *State Land Settlement Board* v. *Henderson,* 197 Cal. 470 [241 P. 560]; *Sutter-Yuba Inv. Co.* v. *Waste,* 52 Cal.App.2d 785 [127 P.2d 25]; *Anderson-Cottonwood I. Dist.* v. *Klukkert,* 13 Cal.2d 191 [88 P.2d 685]; *Smith* v. *City of Santa Monica,* 162 Cal. 221 [121 P. 920]; *Webster* v. *Board of Regents of U. C.,* 163 Cal. 705 [126 P. 974].)

The main controversy concerns the effect of statutes of limitation on plaintiff's action. In his amended answer defendant asserts that the action is barred by sections 315 and 345 of the Code of Civil Procedure and sections 175, 3521, 3725 and 3726 of the Revenue and Taxation Code.

▄▄▄ The first provision invoked reads: "The people of this state will not sue any person for or in respect to any real property, or the issues or profits thereof, by reason of the right or title of the people to the same, unless—1. Such right or title shall have accrued within ten years before any action or other proceeding for the same is commenced; or, 2. The people, or those from whom they claim, shall have received the rents and profits of such real property, or some part thereof, within the space of ten years." (Code Civ. Proc., § 315.) That section cannot bar the action for two reasons: First, it will be remembered that defendant obtained his tax deed in 1940 and the action was commenced in 1947, less than the 10-year limitation. Defendant argues that the period commenced to run in 1933 when plaintiff acquired title from the Busches, because the statute says (subd. 1) that the time runs from the time of acquisition by the plaintiff-state. That contention was settled contrary to defendant's assertion in 1885 by *People* v. *Center,* 66 Cal. 551, 564 [5 P. 263, 6 P. 481], where the court said the section must be construed "as declaring, in effect, that the people of the state will not sue 'for or in respect to real property,' except where the *cause of action has accrued* within ten years." (Italics added.) The Center case has been consistently followed. (See *People* v. *Banning Co.,* 167 Cal. 643 [140 P. 587]; *People* v. *Kings County Dev. Co.,* 177 Cal. 529, 534 [171 P. 102]; *Wilhoit* v. *Tubbs,* 83 Cal. 279 [23 P. 386]; *Doyle* v. *San Diego Land & Town Co.,* 43 F. 349.) The cause of action would not accrue until defendant received his tax deed on March 11, 1940.

▄▄▄ Second, neither section 315 of the Code of Civil Procedure nor the provisions on adverse possession (limitations

on actions for the recovery of real property, Code Civ. Proc., § 318 et seq.) apply to property owned by the state and devoted to a public use. (See Civ. Code, §§ 1006, 1007; *People* v. *Kerber,* 152 Cal. 731 [93 P. 878, 125 Am.St.Rep. 93]; *Henry Cowell Lime & Cement Co.* v. *State,* 18 Cal. 2d 169 [114 P.2d 331]; *Richert* v. *City of San Diego,* 109 Cal.App. 548 [293 P. 673]; *People* v. *Banning Co., supra,* 167 Cal. 643; *Ames* v. *San Diego,* 101 Cal. 390 [35 P. 1005]; *Board of Education* v. *Martin,* 92 Cal. 209 [28 P. 799]; *San Francisco* v. *Straut,* 84 Cal. 124 [24 P. 814]; *Orack* v. *Powelson,* 3 Cal.App. 282 [85 P. 129]; *San Francisco* v. *Calderwood,* 31 Cal. 585 [91 Am.Dec. 542]; *Fresno Irr. Dist.* v. *Smith,* 58 Cal.App.2d 48 [136 P.2d 382]; *County of Sacramento* v. *Lauszus,* 70 Cal.App.2d 639 [161 P.2d 460]; *Hoadley* v. *San Francisco,* 50 Cal. 265; *People* v. *Pope,* 53 Cal. 437; *County of Yolo* v. *Barney,* 79 Cal. 375 [21 P. 833, 12 Am.St.Rep. 152]; *San Francisco* v. *Bradbury,* 92 Cal. 414 [28 P. 803]; *Patton* v. *City of Los Angeles,* 169 Cal. 521 [147 P. 141]; *City of Los Angeles* v. *Forrester,* 12 Cal.App.2d 146 [55 P.2d 277]; *City of San Diego* v. *Cuyamaca Water Co.,* 209 Cal. 105 [287 P. 475]; *Reclamation Dist. No. 833* v. *American Farms Co.,* 209 Cal. 74 [285 P. 688]; 1 Cal.Jur. 497-508.) Here, in 1933, the property was deeded to the state by the Busches, accepted for the state by the State Park Commission for park purposes and was included in the state park system, and, the law provides that: ''The State Park Commission shall administer, protect, and develop the State park system for the use and enjoyment of the public. . . .'' (Pub. Resources Code, § 5003.)

■ Defendant urges, however, that the plaintiff knew in 1933 that the property was sold for taxes by San Diego County to it for it is presumed to have been notified of it (Rev. & Tax. Code, § 3440; Code Civ. Proc., § 1963(15)) and that its title was then in jeopardy and the limitation period started to run. It is difficult to see how it would know its title was in jeopardy when the sale was to it, but in any event that is merely another way of arguing that title was lost under section 315 or the provisions on adverse possession, for the relief would be against the *county,* not defendant, and it would require ''tacking'' on limitation periods (adding together the time while it ran in favor of the county and defendant) which plainly is not applicable except in adverse possession which is unavailable to defendant.

Other limitation provisions asserted by defendant are as follows: (1) A deed issued to the state by reason of delinquent taxes is conclusively presumed valid unless held invalid in a proceeding to determine its validity commenced within a year after the execution of the deed or after the effective date of the statute (Stats. 1945, ch. 1017, § 1) whichever is later. (Rev. & Tax. Code, § 175); (2) "A proceeding based on an alleged invalidity or irregularity of any deed to the State for taxes or of any proceedings leading up to the deed can only be commenced within one year after the date of recording of the deed to the State in the county recorder's office or within one year after June 1, 1941, whichever is later." (Rev. & Tax. Code, § 3521); and (3) "A proceeding based on alleged invalidity or irregularity of any proceedings instituted under this chapter can only be commenced within one year after the date of execution of the tax collector's deed." (Rev. & Tax. Code, § 3725.) The chapter deals with sales to private parties after deed to the state. (Rev. & Tax. Code, § 3691 et seq.)

Plaintiff argues that those provisions are not controlling because they do not apply to the state and there was no authority whatsoever for any of the tax proceedings—they were a complete nullity.

It has been held that general statutes of limitation apply against various agencies of the state or the state when its "sovereign" rights are not involved. (*City of Los Angeles* v. *County of Los Angeles,* 9 Cal.2d 624 [72 P.2d 138, 113 A.L.R. 370], against a city when suing a county; *San Francisco* v. *Luning,* 73 Cal. 610 [15 P. 311], against municipal corporations; *People* v. *Melone,* 73 Cal. 574 [15 P. 294], against state; *State Bd. of Health* v. *Alameda County,* 42 Cal.App. 166 [183 P. 455], and *Tehama County* v. *Pacific Gas & Elec. Co.,* 33 Cal.App.2d 465 [91 P.2d 936], against county; *City of Fullerton* v. *County of Orange,* 140 Cal.App. 464 [35 P.2d 397], against city in action by it against county; *People* v. *Osgood,* 104 Cal.App. 133 [285 P. 753], against state; *People* v. *Kings County Dev. Co.,* 48 Cal.App. 72 [191 P. 1004].) That rules springs from the code provision reading: "The limitations prescribed in *this chapter* apply to actions brought in the name of the State or county or for the benefit of the State or county, in the same manner as to actions by private parties, . . ." (Italics added.) (Code Civ. Proc., § 345.)

The *chapter* referred to is *chapter 3* of part 2, title 2

of the code which deals with limitation for actions *other* than for the recovery of real property. The latter type of actions including section 315, are in chapter 2. It has been recognized that as to limitations in that chapter (3) that the state has included itself. (*San Francisco* v. *Luning, supra,* 73 Cal. 610; *People* v. *Melone, supra,* 73 Cal. 574; *State Bd. of Health* v. *Alameda County, supra,* 42 Cal.App. 166; *Philbrick* v. *State Personnel Board,* 53 Cal.App.2d 222 [127 P.2d 634].) *People* v. *Osgood, supra,* 104 Cal.App. 133, and *People* v. *Kings County Dev. Co., supra,* 48 Cal.App. 72, state that the general policy of the state is to be bound by statutes of limitation, but that is hardly in conformity with the restricted wording of section 345, *supra.*

It has been, on the other hand, generally stated that statutes of limitation do not apply against the state unless expressly made applicable. (See *Oakland* v. *Oakland Water Front Co.,* 118 Cal. 160 [50 P. 277]; *Russ & Sons Co.* v. *Crichton,* 117 Cal. 695 [49 P. 1043]; *People* v. *City of Los Angeles,* 93 Cal.App. 532 [269 P. 934]; *Philbrick* v. *State Personnel Board, supra,* 53 Cal.App.2d 222; *People* v. *California Fish Co.,* 166 Cal. 576, 593 [138 P. 79].)

In *Russ & Sons Co.* v. *Crichton, supra,* 117 Cal. 695, 699 the issue was whether a provision of the Political Code dealing with taxation, which provided that if a tax deed is not made to the purchaser within a year and three months after the act takes effect, the purchaser has no right thereunder, applied to the issuance of a tax deed to the state. It was held that it did not, and the court said: "In *Tuttle* v. *Block,* 104 Cal. 443 [38 P. 109], it was held that the said provision was 'clearly a prospective statute of limitation of the time within which the tax deed must have been made'; and the rule is settled beyond all controversy that statutes of limitation do not apply to or bind the state, unless they are made to do so by express words or necessary implication.

"The language of the provision, 'in all cases,' etc., is apparently broad enough to include the state; but a statute will not always be held to include every case to which it may appear on its face to be applicable." With respect to tax statutes, the above statement is in line with the general rule that tax statutes do not apply against the state as to its property. (*People* v. *Doe G. 1034, supra,* 36 Cal. 220; *Webster* v. *Board of Regents of U. C., supra,* 163 Cal. 705; *Low* v. *Lewis,* 46 Cal. 549; *Smith* v. *City of Santa Monica, supra,*

162 Cal. 221; *Bolton* v. *Terra Bella Irr. Dist.,* 106 Cal.App. 313 [289 P. 678].)

In any event it seems that if the statutes on adverse possession do not run against property of the state which is dedicated to a public purpose (see authorities cited supra) the opposite result should not be reached, depriving the state of its property, by application to it of the provisions, *supra,* of the Revenue and Taxation Code. We hold therefore that they do not apply to the state.

Defendant claims that the authorities heretofore cited with reference to the inapplicability of the limitation provisions in tax statutes were wiped out by the provision enacted in 1939 (Stats. 1939, ch. 529, Pol. Code, § 3831.1, Rev. & Tax. Code, § 121) which included the "state" in the definition of a "Taxing Agency." We do not think any such result was intended. There is nothing said about any taxing agencies in the sections of the Revenue and Taxation Code, *supra,* invoked by defendant, and hence the "definition" section would not seem to be applicable.

In this same connection defendant urges, specifically, that under section 3695 of the Revenue and Taxation Code, the state consented to the tax sale. The code authorizes the sale of property by the tax collector after deed to the state upon approval of the county board of supervisors and the State Controller. (Rev. & Tax. Code, §§ 3691, 3694.) "If the governing body of any taxing agency does not, before the date of sale, file with the tax collector and the board of supervisors certified copies of a resolution adopted by the governing body objecting to the sale, the taxing agency has consented to the sale. If the taxing agency consents to the sale the lien of its taxes or assessments and any rights which it may have to the property *as a result of such taxes or assessments are canceled* by a sale under this chapter and it is entitled to its proper share of the proceeds deposited in the delinquent tax sale trust fund. . . ." (Rev. & Tax. Code, § 3695.) (Italics added.) Assuming that the phrase "taxing agency" as there used includes the state, it plainly refers only to tax or assessment liens of governmental units other than the county and makes provision for safeguarding *such* interests when the county sells the property, and it is only those liens which are cancelled if no objection to the sale is made. That is evident from the italicized portion of the section. Plaintiff-state here is not claiming title or interest by reason of any tax lien. Its title is founded upon the

conveyance from the Busches in 1933. Nor can it be supposed that the State Controller, by his consent to the sale, could authorize the divestiture of the state's title to property devoted to a public use. (See *Smith* v. *City of Santa Monica*, 162 Cal. 221 [121 P. 920].) ■ Section 3694 of the code requiring the Controller to approve the sale of property tax deeded to the state, cannot be construed to authorize him to covenant for the state to the conveyance of its property, title to which was obtained from a source other than a tax deed, and which is devoted to a public use.

■ ■ Lands of the state, at least those devoted to a public use, may be disposed of only in the manner specified by statute. (*Buck* v. *Canty*, 162 Cal. 226 [121 P. 924]; *Messenger* v. *Kingsbury*, 158 Cal. 611 [112 P. 65]) and an attempt by a state officer, not authorized to dispose of state land devoted to a public use, is void. (*People* v. *California Fish Co.*, 166 Cal. 576 [138 P. 79].)

As above noted the trial court made its decree conditional on plaintiff's paying to defendant the amount he paid for the property at the tax sale to him and for taxes subsequently levied on the property by San Diego County. Plaintiff appeals from that portion of the judgment and defendant makes no contention that it is correct. He relies solely upon his asserted ownership of the property. ■ Nevertheless it may be observed that it is the settled rule that a private owner of property may not have his title quieted against a tax deed unless he pays the purchaser at the tax sale and deed holder the taxes paid by the latter. ■ But in the absence of statute, a purchaser from the state or public agency at a tax sale cannot recover from the seller the purchase price paid or the taxes subsequently assessed even though the taxes were illegally assessed or levied, the property was not subject to taxation or the tax deed was void. (*Routh* v. *Quinn*, 20 Cal.2d 488 [127 P.2d 1, 149 A.L.R. 215]; *Loomis* v. *County of Los Angeles*, 59 Cal. 456; *Brooks* v. *County of Tulare*, 117 Cal. 465 [49 P. 469]; *Bell* v. *County of Los Angeles*, 90 Cal.App. 602 [266 P. 291]; *Coleman* v. *County of Los Angeles*, 180 Cal. 714 [182 P. 440]; *Holland* v. *Hotchkiss*, 162 Cal. 366 [123 P. 258, L.R.A. 1915C 492]; 24 Cal.Jur. 391-2; 77 A.L.R. 824; 116 A.L.R. 1408.) ■ Where a statute provides for recovery, that remedy is exclusive. (See *Bell* v. *County of Los Angeles, supra,* 90 Cal.App. 602; *Southern Service Co., Ltd.,* v. *Los Angeles,* 15 Cal.2d 1, 11 [97 P.2d 963].) There are statutory provi-

sions with reference to reimbursement in this state. The basic rule applicable is: "The purchaser of tax sold or tax deeded property is entitled to a refund of the amount paid as purchase price whenever it is determined by the board of supervisors that the property belongs to the United States, this State, a city, or other political subdivision of this State and should not have been sold for taxes. The refund shall be made in the same manner as a refund of an overpayment of tax." (Rev. & Tax. Code, § 3730.) Thus it is seen that the county must make a refund of the purchase price.

There are other provisions for refunds but they plainly deal with situations where the taxes are validly levied and payable but the deed is void. Then the refund to the purchaser should be made by the owner or taxpayer. Before holding void a tax deed given under certain provisions of the code the court shall determine the correct amount of taxes, penalties and costs that should be paid upon redemption to discharge the tax liens of all taxing agencies "had the purported tax sale not been held" and shall order the former owner to pay from such amount in six months to the purchaser the amount expended by him in pursuit of the "State's title to the property" and for improvements and to the county the balance. (Rev. & Tax. Code, § 3728.) If the amount is not paid within the time fixed a new deed shall be "issued." (Id. § 3728.1.) Those provisions are based on the assumption that there are some taxes payable. Here there can be none, for the property was not taxable, and they apply where the owner, when the property was taxed, was a private person rather than the state.

The portion of the judgment quieting plaintiff's title is affirmed. The portion imposing the reimbursement condition is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.